CHEHARDY, Judge.
This is a devolutive appeal by defendants-mortgagors from a suit to foreclose a mortgage by executory process. For the reasons assigned below, we dismiss the appeal.
Plaintiff-mortgagee, Ascension Savings and Loan Association, filed suit for execu-tory process, alleging defendants were in arrears more than seven installments on the promissory note secured by the mortgage of their home. Following issuance of the order for seizure and sale, Mr. and Mrs. Herbert J. Champagne, the mortgagors, obtained a temporary restraining order preventing sale of the property and sought a preliminary injunction.
At the hearing on the preliminary injunction, the defendants attempted to establish that plaintiff’s records were incorrect, and that plaintiff had made an unauthorized transfer of $1,800 from the mortgage account in question to another mortgage account owed by defendants.
The trial judge concluded the evidence established that the defendants were often in arrears with their payments; that several times the plaintiff had allowed the de *1242 fendants to restore the loan to a current status; and that plaintiff finally instituted this action when the arrearage became a substantial amount. Accordingly, he refused to grant injunctive relief. In addition, he recalled and set aside the temporary restraining order previously issued, because defendants’ surety bond was defective. (We note the latter ruling was unnecessary; the temporary restraining order had already expired of its own terms, because more than ten days had passed since its issuance. See LSA-C.C.P. art. 3604.)
Defendants moved for a new trial, which was denied. On August 16, 1982 their petition for devolutive appeal was granted.
On appeal, the record establishes that a sheriffs sale of the seized property took place on August 18, 1982, at which time the property was adjudicated to a third-party bidder for $121,500. The sheriffs return establishes that the total amount received was disbursed to pay costs of the sale and to satisfy creditors.
LSA-C.C.P. art. 2642 provides,
“Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a sus-pensive appeal from the order directing the issuance of the writ of seizure and sale, or both.”
As stated above, the defendants took a devolutive rather than a suspensive appeal from the denial of the injunction, and the property since has been sold at public auction.
Under these facts, the jurisprudence is firmly established that the appeal is subject to dismissal for mootness. Tidwell v. Gaston, 371 So.2d 299 (La.App. 2 Cir.1979); Ford Motor Credit Company v. Herron, 234 So.2d 517 (La.App. 3 Cir.1970); Mr. Pizza, Inc. v. Furlow, 230 So.2d 649 (La. App. 4 Cir.1970); Choate v. Cofield, 164 So.2d 601 (La.App. 3 Cir.1964).
We do not address appellee’s demand for damages for frivolous appeal, because appellee neither appealed nor answered defendants’ appeal.
For these reasons, the appeal is dismissed. Appellants are to pay all costs.
APPEAL DISMISSED.