629 So.2d 525 (1993)
BANKERS TRUST OF LOUISIANA
v.
Earl H. SMITH, Jr. and Marianne Ross Smith.
No. 93-CA-464.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1993.
*526 Gerard O. Salassi, IV, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, for plaintiff/appellee/appellant.
Anthony L. Glorioso, Metairie, for defendants/appellants/appellees.
Before KLIEBERT, C.J., and CANNELLA, J., and THOMAS F. DALEY, J. Pro Tem.
THOMAS F. DALEY, Judge Pro Tem.
This appeal arises from a suit seeking executory process of a collateral mortgage note pledged to secure a debt following execution on a collateral chattel mortgage note *527 that was also pledged to secure the same debt. Bankers Trust of Louisiana, plaintiff/cross-appellant (Bank), held a $200,000.00 demand note executed by Earl Smith on behalf of Winfield Jewelers, Inc. (Winfield). This note was secured by personal endorsements of Earl H. and Marianne Ross Smith, defendants/appellants (Smiths). In addition to the personal endorsements, the demand note was also secured by two collateral mortgage notes. One was a collateral chattel mortgage note executed by Winfield secured by a chattel mortgage on Winfield's inventory. The other was a collateral mortgage note executed by the Smiths secured by a mortgage on the Smiths' personal residence.
The Bank, alleging default on the $200,000.00 demand note, filed suit to execute on Winfield's collateral chattel mortgage with no mention of the other collateral mortgage note. Pursuant to the first suit, Winfield's inventory was seized and sold at Sheriff's sale. After costs were deducted, $85,331.70 was credited to Winfield's debt. Subsequently, the Bank filed the present suit seeking enforcement by executory process of the second collateral mortgage note. The suit was then converted to ordinary process. The FDIC was substituted as plaintiff. In its petition converting the suit to ordinary process, the Bank also sought recognition of the mortgage on the Smiths' residence as well as personal judgment against the Smiths.
After a trial on the merits, the trial judge made the following findings and rulings: (1) a single pledge of two mortgage notes was proven; (2) the plaintiff proved the existence and amount of the principal debt; (3) the appraisal in the earlier executory proceeding was defective; (4) the defective appraisal did not bar an in rem judgment against the Smiths' residence; (5) the defective appraisal barred a personal judgment against the Smiths under the Deficiency Judgment Act, La.Rev.Stat. 13:4106. Accordingly, the trial judge ordered judgment in rem in favor of the Bank, recognizing the collateral mortgage on the Smiths' residence and denying personal judgment against the Smiths.
The Smiths' filed a suspensive appeal and the Bank cross-appealed. The Smiths specified two errors: (1) the trial court erred in finding that the Bank proved the debt sued upon; (2) the trial court erred in finding that the deficiency judgment act did not bar an in rem judgment against the Smiths' residence. The Bank specified three errors: (1) the trial court erred in failing to award a money judgment in favor of the Bank; (2) the trial court erred in finding the appraisal in the previous suit defective; (3) the trial court erred in not awarding a personal judgment against the Smiths.
For the following reasons, we find the specifications of error without merit and affirm the trial court.
THE SMITHS' SPECIFICATION ERROR # 1: THE TRIAL COURT ERRED IN FINDING THAT THE BANK PROVED THE DEBT SUED UPON.
This specification of error is based upon inconsistencies in the amount sought in the original petition and the amount proved at trial. The original petition sought to recover a sum of $98,577.07. The actual balance proved at trial was $90,868.47. The Bank also entered the original note of $200,000.00 into evidence. The Smiths point to no other reasons why the trial court erred in this finding. The record supports the trial court's finding, therefore we will not disturb it on appeal.
In a suit for deficiency judgment, the creditor must plead and prove the existence of the obligation giving rise to the debt. First Acadiana Bank v. Beiber, 582 So.2d 1293, 1296 (La.1991). At trial, Earl Smith admitted that a $200,000.00 principal balance was due the Bank by Winfield. In the face of an admission to the existence of the debt, the Smiths cannot now assert that the Bank failed to prove the existence of the debt.
Additionally, the Smiths cannot claim that the bank failed to prove the existence of the debt because the Bank failed to prove the amount of debt. Earl Smith admitted to the existence of the $200,000.00 balance on the demand note. The Bank submitted evidence of the seizure and sale of Winfield's inventory, and of application of the proceeds to the balance due on the demand note. Even though the original demand note of $200,000.00 was entered into evidence, there was *528 ample evidence to support the conclusion that the amount due was less than $200,000.00.
Furthermore, in the original demand note and guaranty, the parties agreed that the records of the Bank would serve as rebuttable prima facie evidence of the unpaid and funded principal balance of the debt. At trial the Bank produced a computer printout, labeled Exhibit P-11, showing a balance due of $90,868.47 on the debt in question. Testimony explained that the $90,868.47 was the figure carried on the Bank's books at its closure in March 1989. The Smiths made no objection to admission of the Bank record into evidence. Additionally, the Smiths offered no evidence or testimony rebutting the $90,868.47.
In light of Earl Smith's admission, the parties' agreement to accept the Bank's records as rebuttable prima facie proof of the debt, and of the Smiths' failure to rebut or object to the Bank's records, the Smiths cannot now challenge the existence of the debt.
THE SMITHS' SPECIFICATION OF ERROR # 2: THE TRIAL COURT ERRED IN FINDING THAT THE DEFICIENCY JUDGMENT ACT DID NOT BAR AN IN REM JUDGMENT AGAINST THE SMITHS' RESIDENCE.
The Smiths contend that this suit is a suit for deficiency judgment and that the Deficiency Judgment Act, La.Rev.Stat. 13:4106, bars an in rem judgment in this case. The trial court disagreed, and based on its findings, held that La.Rev.Stat. 13:4106 does not bar an in rem judgment in this case. The record supports the trial court's findings, and in light of those findings, we agree with the trial court's application of La.Rev. Stat. 13:4106.
Although not styled as such, the Smiths contend that this suit is an action for deficiency judgment. However, even assuming this action is one for deficiency judgment, the Deficiency Judgment Act does not bar an in rem judgment in this case. The language of La.Rev.Stat. 13:4106(B) places this suit outside the purview of the act.
The Deficiency Judgement Act provides that a deficiency judgment cannot be obtained against a debtor when, to satisfy a debt, the debtor's property is seized and sold without appraisal.[1] However, the Deficiency Judgment Act, by its own language, does not bar execution on two or more things pledged and mortgaged to secure the same debt. La.Rev.Stat. 13:4106(B). In this case, there were two things pledged or mortgaged, the collateral chattel mortgage note along with the underlying mortgage on Winfield's inventory and the collateral mortgage note along with the underlying mortgage on the Smiths' residence. There was also one principal debt, the $200,000.00 demand note. Thus, the exception in Subsection (B) was triggered here.
The Smiths further contend that 13:4106(B) is applicable only when there is a single pledge or mortgage on more than one piece of property and that in this case there were two separate pledges of two separate collateral mortgage notes secured by two separate pieces of property. However, this court need not address whether the exception to Subsection (B) is limited only to instances in which there is a single pledge or mortgage.
The trial court factually determined there was one pledge of two collateral notes. The record supports this finding. Because there was no formal written pledge agreement, the trial court relied on testimony and circumstantial *529 evidence. The testimony and record establish both collateral mortgage notes were pledged on the same day. The only evidence to refute the trial court's finding is the Smiths' own self-serving assertion. The trial judge did not agree with the Smiths' assertion. We find no manifest error in his conclusion there was one pledge of two collateral notes. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
In short, because the exception in Subsection (B) applies to these facts, La.Rev.Stat. 13:4106 does not bar an in rem judgment against the Smiths' residence.
THE BANK'S SPECIFICATION OF ERROR # 1: THE TRIAL COURT ERRED IN FAILING TO AWARD A MONEY JUDGEMENT.
Although the Bank asserts that it is entitled to a money judgment in this case, in its brief the Bank provides no legal support for this assertion. Upon review of the record, we agree with the trial judge's conclusion that the Bank was not entitled to a money judgment.
As a general rule, where a judgment is silent with respect to any demand which was an issue in the case under the pleadings such silence constitutes an absolute rejection of that demand. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532, 533 (La.1988). The trial court limited its judgment to an in rem judgment recognizing and maintaining the Bank's collateral mortgage. In doing so the trial court declared the existence and enforceability of the collateral mortgage, nothing more. Because the judgment is silent with respect to a money judgment, the trial court implicitly rejected awarding a money judgment. See Sun Finance, 525 So.2d at 533.
The Bank asserts it is entitled to a money judgment based upon statements made in the trial court's reasons for judgment. We disagree because the statements used for support of its contention are taken out of context. In construing a judgment, the entire context must be considered, and in the event of doubt or ambiguity it is proper to consider the pleadings, subject matter of the suit, reasons for judgment and other matters of record in order to arrive at an interpretation consistent with a proper decree on the facts and the law presented. Dodd v. Dodd, 568 So.2d 1134, 1138 (La.Ct.App. 5th Cir.1990). After considering the context and reviewing the pleadings, the judgment and reasons for judgment, it is clear that the trial court purposely limited its judgment to a judgment in rem and rejected any award of personal money judgment against the Smiths.
The Bank asserts that because the trial court stated, in its reasons for judgment, the Bank proved the existence and amount of the debt, the Bank is entitled to a money judgment. However, the trial court's findings regarding the underlying debt are merely factual findings, pre-requisite to recognizing the existence and validity of the mortgage. Because a mortgage is an accessory obligation to the underlying debt the mortgage does not exist unless the debt exists. La.Civ. Code Art. 3282. Therefore the court had to determine the existence of the debt in order to determine the existence of the mortgage. The trial court's findings regarding the underlying debt do not represent a holding that the Bank is entitled to a money judgment against the Smiths.
Additionally, to award a money judgment would expand the in rem judgment beyond its intended scope. An in rem judgment is a judgment affecting specific property only. Black's Law Dictionary 748 (5th ed. 1979). A money judgment is a judgment against a party which allows a judgment creditor to proceed against any property of the debtor. See La.C.Civ.P. art. 2291 et seq. Although it may be possible to assign an amount to an in rem judgment, an in rem judgment is not a general money judgment against the debtor's patrimony.
Moreover, a money judgment is not necessary to maintaining and affirming the trial court's judgment. Without a money judgment, the Bank is still free to enforce its mortgage.
Finally, in declining to hold the Bank is entitled to a money judgment, we do not intend to disturb any of the trial court's factual findings. The trial court factually determined that the principal balance on the *530 underlying debt was $90,868.47. This opinion in no way changes that factual determination.
THE BANK'S SPECIFICATION OF ERROR # 2: THE TRIAL COURT ERRED IN FINDING THE APPRAISAL IN THE PREVIOUS SUIT DEFECTIVE.
There was evidence to support the trial court's finding that the appraisal in the previous suit was defective.
La.Rev.Stat. 13:4365(C) provides that "property seized must be appraised with such minuteness that it can be sold together or separately." The trial court found that the appraisal at issue failed to meet the standard set forth in La.Rev.Stat. 13:4365(C). Specifically, the court found that an in globo appraisal of the jewelry inventory was not so minute that the pieces of jewelry could be sold individually or together. The Bank asserts that the trial court erred in this regard, comparing the facts of this case to other reported cases. The Bank particularly relies on First National Bank of Jefferson Parish v. Samuels, 618 So.2d 444 (La.Ct.App. 5th Cir.1993). However, this case and Samuels are distinguishable upon their facts.
In Samuels, two parcels of land were seized and sold pursuant to foreclosure on a mortgage. 618 So.2d at 444. The Sheriff was provided with a single appraisal assigning one value to both lots. Id. at 447. At trial, the appraiser testified that the price per acre of both lots was very close. Id. at 447. As a result, the appraiser multiplied the value per acre times the total number of acres in both lots, arriving at one appraisal figure. Id. In Samuels, we held that the appraisal was not defective. 618 So.2d at 447.
Similarly, in Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132 (La.Ct.App. 1st Cir.1988), an appraisal of a tract of land subdivided into several lots was computed using a per-acre valuation multiplied by the number of total acres, resulting in a single value for the entire tract. 527 So.2d at 1136. The First Circuit opined that the appraisal in Bank of New Roads v. Livonia South was not defective. 527 So.2d at 1136.
Unlike the instant case, in both Samuels and Bank of New Roads the value of the individual lots could be determined by a simple mathematical calculation. Because the sheriff could determine the values of the individual lots, those appraisals met the standard for appraisals set forth in La.Rev.Stat. 13:4365(C). In both cases, the appraisals were such that it was possible to sell the lots together or separately. Clearly if the appraisal were such that separate or in globo sale were possible, then the appraisal complied with the standard in the statute.
Unfortunately, in the instant case, separate sale was not possible. The sheriff could not determine the value of the individual items through a simple mathematical calculation. In the instant case, the inventory consisted of varying items of jewelry. Although the appraiser testified that he considered the value of each piece when appraising the inventory, he provided no proof in the form of worksheets or notes on individual items. Furthermore, the appraiser testified that if sold separately the jewelry would bring more than the $125,000.00 value he assigned in his in globo appraisal. By the appraiser's own admission, the appraisal was not so minute that the items could be sold together or separately.
The statute requires that items seized and sold must be appraised such that the property can be sold together or separately. The appraisal in this case was not such that the items can be sold together or separately. Therefore, the appraisal in the instant case was defective.
THE BANKS SPECIFICATION OF ERROR # 3: THE TRIAL COURT ERRED IN NOT AWARDING PERSONAL JUDGMENT AGAINST THE SMITHS.
The Bank asserts that the Smiths are personally liable as endorsers whether or not the previous appraisal was defective. We disagree.
As previously discussed, the appraisal in the previous seizure and sale of the inventory was defective. Under La.Rev.Stat. 13:4106(A) and La.Code Civil Proc. art. 2771, a creditor is barred from seeking personal judgment against a debtor when a prior executory *531 proceeding to satisfy the debt lacked the proper statutory appraisal. Thus, the Bank is barred from obtaining judgment against Winfield, the original debtor, because the appraisal did not meet the statutory requirements. As sureties, the Smiths may assert against the Bank any defense to the principal obligation that Winfield could assert except lack of capacity or discharge in bankruptcy. La.Civ.Code art. 3046. Applying the Deficiency Judgment Act and the Civil Code articles regarding sureties, the Bank is precluded from obtaining a personal judgment against the Smiths.
Accordingly, for the above assigned reasons, the judgment of the lower court is affirmed. Earl H. and Marianne Ross Smith must pay the costs of this appeal.
AFFIRMED.
NOTES
[1] La.Rev.Stat. 13:4106 reads:

A. Unless otherwise provided by law, if a mortgagee or other creditor takes advantage of the waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property is sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as otherwise provided by law or as provided in the next subsection.
B. If a mortgage or pledge affects two or more properties, movable immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby....