|,EDWARDS, J.
Defendant/appellant Allstate Insurance Company appeals the judgment of the trial court granting plaintiffs/appellees Judena Pope and Milton Franklin’s motion for summary judgment on the issues of coverage and liability. For the following reasons, we affirm.
On December 11, 1997, defendant Benny Freeman was driving a 1981 Econoline van owned by Stanley Smith when he rear-ended a vehicle driven by plaintiff Judena Pope, who then hit a vehicle driven by Milton Franklin. Mr. Freeman was an employee of Spotman Carpet & Upholstery Cleaning, a company owned and operated by Stanley Smith. Mr. Freeman was the only employee and the van he was driving was the only company vehicle.
The police arrived and filed an accident report. Mr. Freeman had fled the scene, but was arrested shortly thereafter for driving while intoxicated, with a blood-alcohol level of 0.151%.
13When Mr. Freeman did not return the van after the work day was complete, Mr. Smith called “911” and reported the vehicle missing. However, he did not file a report because he did not believe that Mr. Freeman had stolen the vehicle. On December 12, 1997, after still not hearing from his employee, Mr. Smith filed a complaint with the police against Mr. Freeman for misuse of the vehicle.
Plaintiffs Judena Pope and Milton Franklin filed a petition for damages against Benny Freeman and Allstate Insurance Company on March 2, 1998. Defendant Allstate was Mr. Smith’s automobile liability insurer. On September 10, 1998, the plaintiffs filed a motion for summary judgment on the issues of coverage *301 and liability. On October 22, 1998, defendant Allstate filed a cross motion for summary judgment on the issue of coverage. The defendant has alleged that because Mr. Freeman did not have permission to use the van for personal use, he was not covered by Allstate when the accident occurred.
The matter was heard before the Honorable Sheldon G. Fernandez of the Twenty-Fourth Judicial District Court on November 28, 1998. After counsel had presented their arguments, the matter was taken under advisement. On December 2, 1998, the trial court issued a final judgment with reasons granting the plaintiffs’ motion for summary judgment on the issues of coverage and liability and denying the defendant’s cross motion for summary judgment on the issue of coverage. The defendant filed a motion for devolutive appeal on January 13, 1999. The matter is now before this Court for review.
LAW AND ANALYSIS.
The defendant alleges two assignments of error on appeal. In its first assignment of error, the defendant alleges that the trial court committed manifest |4error in finding that Benny Freeman had Stanley Smith’s express permission to use the vehicle on December 11, 1997, when he was instructed by his employer that he was to use the van for business only. In its second assignment of error, the defendant alleges that the trial court committed manifest error in finding that Benny Freeman’s conduct did not constitute utter disregard for the return or safe keeping of the vehicle. It is the opinion of this Court that the trial court did not err and its judgment must be affirmed.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Bua v. Dressel, 96-79 (La. App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348. The appellate court must ask whether there is a genuine issue of material fact remaining to be decided, and whether the appellee is entitled to judgment as a matter of law. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir.12/13/95), 665 So.2d 1272.
In its first assignment of error, the defendant alleges that the trial court erred in finding that Benny Freeman had Stanley Smith’s express permission to use the vehicle on December 11, 1997. According to the defendant, Stanley Smith gave Benny Freeman permission to use the van for work only and he was to return the van immediately upon completion of the jobs. Furthermore, Stanley Smith claims to have warned Benny Freeman to be careful while driving and never drink on the job. After completing the jobs on December 11, 1997, Benny Freeman had admittedly gone for a few drinks after work before returning the van. This is when he rear-ended the vehicles driven by the plaintiffs.
Motor vehicle liability policies are defined under LSA-R.S. 32:900. LSA-R.S. 32:900(B)(2), which lists those drivers covered under the policy, states in |spart:
“B. Such owner’s policy of liability insurance:
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of such motor vehicle or motor vehicles ...”
Therefore, under the statute, any named insured or any person given express or implied permission to drive by the named insured is covered by the policy.
The trial court held that the plaintiffs carried their burden of proving that Mr. Smith had given Mr. Freeman permission to use the vehicle. The defendant alleges that while Mr. Freeman had initial permission to use the vehicle, he did not have *302 permission to use it for personal business. Therefore, according to the defendant, Mr. Freeman was not covered by the policy when the accident occurred.
Under the “initial permission” rule, once consent, express or implied, is granted by the insured to use the vehicle, any subsequent changes in the character or scope of the use do not require additional specific consent of the insured. Tross v. Windsor Ins. Co., 98-617 (La.App. 5th Cir.1/26/99), 726 So.2d 459; Manzella v. Doe, 94-2854 (La.12/8/95), 664 So.2d 398; Norton v. Lewis, 623 So.2d 874 (La.1993). The “initial permission” rule extends omnibus insurance coverage to those persons who operate a vehicle with the express or implied consent of the insured. Tross, supra at 461. The primary justification for the “initial permission” rule is that it effectively furthers the state’s policy of compensating and protecting innocent accident victims from financial disaster. Norton, supra at 875. Such permission is given a wide and liberal meaning in ^determining coverage. Tross, supra; Norton, supra. Absent express permission, implied permission generally arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle. Tross, supra; Manzella, supra at 402.
Mr. Freeman had express permission to use the van on December 11, 1997. The trial court did not err in determining that Mr. Freeman had permission to use the vehicle and that the Allstate insurance policy was in effect at the time of the accident.
In its second assignment of error, the defendant alleges that the trial court erred in finding that Benny Freeman’s conduct did not constitute utter disregard for the return or safekeeping of the vehicle. This assignment of error is without merit and the judgment of the trial court must be affirmed.
The defendant alleges that Mr. Freeman’s intoxication while driving the van indicates an utter disregard for the return or safekeeping of the vehicle. Insurance coverage is precluded where the deviation from the use consented to amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the vehicle. Tross, supra; Manzella, supra; Norton, supra.
The accident occurred on the same day that Mr. Freeman had permission to use the vehicle. The fact that he was intoxicated when attempting to return the vehicle does not indicate an utter disregard for the return of the vehicle. Mr. Freeman did not attempt to steal the van or keep in for an extended period of time for his own personal use. Even though Mr. Smith told Mr. Freeman not to drink on the job, the liberal construction of the statute and the definition of permission does not allow this being a deviation from the use consented to by the owner. Under the circumstances, insurance coverage is not precluded. The ^judgment of the trial court must be affirmed.
AFFIRMED.