| ¡.EDWARDS, Judge.
Plaintiff/appellant Cora Porter appeals a summary judgment granted by the district court in favor of defendants/appellees Kenneth Neese, CCC Express, Inc. and Great *1273 West Casualty Company. We affirm in part, reverse in part, and remand.
Cora Porter is the mother of Ricky L. Porter who was killed in a multi-vehicle accident on April 12, 1998. Mrs. Porter filed a petition for damages against numerous defendants, including the drivers of the various automobiles involved in the accident, their insurers, and the State of Louisiana through the Department of Transportation and Development. Neese was sued as the driver of a truck erroneously identified in the petition as being owned by Careo Carrier Company (the actual owner is CCC). Ricky Porter was alleged to have been a guest passenger in the truck at the time of the accident. Great West was named as the liability insurer of Carco/CCC.
lain response, CCC, Neese, and Great West filed a Motion For Summary Judgment And/Or Exception Of No Cause Of Action. They averred that at the time of the accident, both Neese and Porter were employees of CCC and within the course and scope of their employment. It was urged that Mrs. Porter was precluded from recovering tort damages and that the exclusive remedy against these parties was in Workers’ Compensation. In connection with the motion, Neese, CCC, and Great West submitted an affidavit from the claims manager of CCC, attesting that on the date of the accident, Neese was employed by the company as a trainer/driver; that Ricky Porter was employed as a driver/trainee; and that at the time of the accident, both were traveling in a company owned truck for the business purpose and benefit of CCC. An affidavit from Great West established that that company was the workers’ compensation insurer of CCC and that death benefits had been paid to Mrs. Porter. The matter was set for hearing for August 12,1999.
On August 6, 1999, Mrs. Porter filed a supplemental petition averring that Great West afforded liability coverage, including underinsured/uninsured motorist coverage, to CCC. The minutes in the record reflect that on August 12, no one was present for the hearing on the motion for summary judgment, which was then granted by the trial court “based on the memorandum filed.” No opposition appears in the record. In the record is a Motion To Continue the hearing filed by Great West et al, which evidences that said motion was mailed on August 12, but not filed into the record until August 16. The court denied the motion to continue as moot because the hearing date had passed and the judgment rendered.
Mrs. Porter appeals the granting of the motion for summary judgment. |4In brief, she avers that one and one-half weeks prior to the hearing date, counsel for Great West et al contacted counsel for Mrs. Porter to inquire if there was any opposition to continuing the hearing. The brief alleges, and the motion in the record verifies, that Mrs. Porter’s counsel was subsequently contacted by Great West’s attorney with a list of the trial court’s available dates and that a mutually agreeable date was chosen for rescheduling the hearing. Mrs. Porter’s attorney states in brief that on the morning of the hearing, he was contacted by the court with an inquiry as to the status of the matter, at which time he related the above proceedings along with his belief that the matter had been continued. Subsequently, he received a copy of the judgment now on appeal.
We recognize that in the present case, counsel for Mrs. Porter had reason to believe that a continuance had been requested. However, the motion for continuance was not filed into the record until after the date of the hearing had passed. It was incumbent on counsel for Mrs. Porter to ascertain, prior to the date of trial, whether or not the matter had actually been continued by the court. There was no written pleading granting a continuance, and Mrs. Porter does not suggest that the court led her to understand such continuance had been granted. Under the *1274 provisions of La.Code Civ.Pro. art. 1601, a continuance may be granted in any case if there is good ground therefor, and the decision to grant or deny a continuance rests in the sound discretion of the trial judge.
La.Code Civ. Pro. art. 966 provides that the motion for summary judgment and its supporting affidavits be served at least 10 days prior to the date of the hearing, with opposing affidavits to be filed simply “pri- or to the hearing.” We are not presented with a reason as to why opposition to the motion was not filed at some point, although the problem of the unverified continuance may have |sbeen a partial reason. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.[1] The trial court had whatever material the litigants had chosen to file in order to decide the matter. Under the circumstances of the present case, we do not find that the court erred in determining the motion for summary judgment before it in the absence of counsel.
Moreover, summary judgments are reviewed in the appellate court de novo, using the same criteria applied by trial' courts to determine whether summary judgment is appropriate.[2] The appellate court must ask whether there is a genuine issue of material fact remaining to be decided, and whether the appellee is entitled to judgment as a matter of law.[3]
The burden of proof is on the mover to make a prima facie showing that the motion should be granted. When the mover has made such a showing, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion.[4]
In the present case, the affidavits in support of the motion show that Ricky Porter was an employee of CCC in the course and scope of employment at the time he was riding in the company owned truck, driven by co-employee Neese. |Jn the absence of facts or allegations indicating that Porter’s death was the result of an intentional act, Mrs. Porter’s remedy is against CCC, Neese, and Great West as the workers’ compensation insurer, and is limited to workers’ compensation benefits. The summary judgment dismissing them from the negligence action was properly granted.
However, Mrs. Porter has alleged that Great West is the liability and UM insurer for CCC. Mrs. Porter correctly urges that the insurer as UM carrier is a third person subject to tort liability under La. R.S. 23:1032.
Johnson v. Fireman’s Fund Ins. Co., 425 So.2d 224, 227 (La.1982), held that a “third person” is anyone legally liable to pay an injured employee’s damages who is not among those persons against whom compensation is the employee’s exclusive remedy. Because the employer’s UM insurer is obligated to repair damage caused by an uninsured or un-derinsured motorist, an employer’s UM insurer is a “third person” legally liable to pay an employee damages resulting *1275 from a work-related automobile accident.[5]
Great West presented no evidence to disprove its status as the UM carrier of CCC. There is a question of material fact as to whether Great West is a third party legally liable to pay damages to Mrs. Porter as a result of the accident. Summary judgment in favor of Great West as UM carrier of CCC is inappropriate at this time.
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. Summary judgment is affirmed in favor of Neese and CCC. With regard to Great West as the UM carrier of CCC, judgment is reversed. The matter is remanded to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. La.Code Civ. Pro. art. 966.

. Moody v. United Nat. Ins. Co., 98-287 (La. App. 5 th Cir. 9/29/98), 743 So.2d 680; writ denied 98-2713 (La. 12/18/98), 734 So.2d 639.

. Tassin v. City of Westwego, 95-307 (La.App. 5 th Cir. 12/13/95), 665 So.2d 1272; Pope v. Allstate Ins. Co., 99-494 (La.App. 5th Cir. 11/30/99) 751 So.2d 299.

. Foster v. Consolidated Employment Systems, Inc., 98 948 (La.App. 5 th Cir. 1/26/99), 726 So.2d 494.

. Travelers Ins. Co. v. Joseph, 95-C-0200, (La.6/30/95), 656 So.2d 1000. See also Degruise v. Houma Courier Newspaper Corp., 95 0013 (La.App. 1st cir. 10/6/95), 694 So.2d 273; writ granted 95-2675 (La.12/15/95), 667 So.2d 521, amended in part; affirmed in part; reversed in part 95-1863, 95-2675 (La. 11/25/96), 683 So.2d 689.