LON APPLICATION FOR REHEARING
 

 The appellees, the Petrovich plaintiffs, filed an application for rehearing, asserting that this Court lacks jurisdiction to consider the appeal. The appellees alternatively argue that this Court erred in reversing the District Court judgment and in failing to recognize that the Petrovich plaintiffs are entitled to the funds in the registry of court by virtue of La. R.S. 13:4106(B) or as “substitute collateral.” The appellees state that this Court did not have the benefit of the full record when it rendered its original opinion and that a rehearing would allow this Court to review the entire record. The appellees, however, are incorrect in their assertion that this Court did not have the benefit of the full record when it rendered its original opinion. Mindful that the appellees did not file a brief in this matter, this Court rendered orders requesting supplementation from the District Court. On application for rehearing, this Court issued an order on October 21, 2009 directing |athe Clerk of this Court to obtain all of the records and
 
 *213
 
 supplements that this Court considered in rendering the original opinion. Following a careful review of our original decision in this case and all of the records and supplements before this Court, in light of the arguments on rehearing, we maintain our original judgment as amended. The application for rehearing is granted in one respect only. Because a notice of judgment was never mailed nor personally delivered to the Petrovich plaintiffs or their counsel, we grant the rehearing in part for the limited purpose of amending our previous decree. In all other respects, the application for rehearing is denied.
 

 JURISDICTION
 

 This dispute arises from a District Court judgment awarding the Petrovich plaintiffs the full amount of the funds in the registry of court. In our original opinion, we concluded that the trial court erred in awarding the amount based on theories of “substitute collateral” or “deficiency judgment.” We recognized that the trial judge had no authority to award any portion of the deposit until there had been a final determination of the Petrovich plaintiffs’ compensable interest, if any. We reversed the judgment and remanded the matter for an evidentiary hearing. We ordered the Petrovich plaintiffs to deposit the sum of $105,719.30, plus accumulated interest into the registry of court within 10 days of the original opinion.
 

 The Melancon plaintiffs/appellants took a devolutive appeal from the District Court judgment granting the Petrovich plaintiffs’ motion to withdraw funds deposited in the registry of the court. The appellees argue that the appeal should be dismissed for lack of appellate jurisdiction because the Melancon appellants failed to suspensively appeal from the judgment. The appellees argue that the Melancon appellants could only seek to suspensively appeal the judgment Rbecause the judgment arose from executory proceedings for seizure and sale. They assert that La. C.C.P. art. 2642 governs and the appellants’ devolutive appeal that was taken beyond the 15-day delay for taking a suspensive appeal requires this Court to dismiss the appeal.
 

 La. C.C.P. art. 2642 provides that “[defenses and procedural objections to an ex-ecutory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.” “A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order.”
 
 Id.
 
 In this case, the appellants are not seeking an appeal from “an order directing the issuance of a writ of seizure and sale.” Rather, they are seeking an appeal from an order disbursing funds that the State paid into the registry of court for reclaiming certain oyster bed leases. Appellees interpret Article 2642 broadly and argue that the instant proceeding constitutes a defense to an executory proceeding as contemplated by the article. We disagree.
 

 In our original opinion we concluded that through their pleadings, the Petrovich plaintiffs were in essence seeking a deficiency judgment no matter how styled. Here, the Melancon defendants were not asserting defenses and procedural objections to the executory proceeding.
 
 Compare: First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc.,
 
 529 So.2d 834, 840 (La.1987) (The lack of authentic evidence must be asserted either by injunction or by suspensive appeal.). Furthermore, in
 
 First Guaranty Bank, supra,
 
 529 So.2d at 843, the Louisiana Supreme Court rejected the notion that the deficiency action is a part of the
 
 *214
 
 executory proceeding. The Court explained: “The deficiency judgment action, although related to the executory proceeding, is established by the | ¡legislated law as a separate and independent proceeding, different in concept and purpose, involving different lands of procedure, evidence and defenses.” Therefore, despite appellees’ assertions to the contrary, the fact that the present proceeding is part of the record in the executory proceeding is of no moment as appellants are not seeking to arrest the seizure and sale.
 
 [1]
 
 Thus, we conclude that we properly have jurisdiction of the timely devolutive appeal.
 

 ENTITLEMENT TO PROCEEDS
 

 Appellees argue that they are entitled to the proceeds in the registry of court because the Sheriffs deed reflects that all eight oyster leases were conveyed to the Petrovich plaintiffs. They contend that the deed can only be interpreted to convey the six remaining oyster leases along with the rights associated with the remaining two. Those rights, they argue, are the funds paid by the State for the two leases and deposited in the registry of court. In our original opinion, we thoroughly addressed and rejected this claim for recovery based on a “substitution of collateral.” We deny the application for rehearing as it applies to this ground and maintain our original opinion.
 

 Appellees alternatively argue that there still remains collateral subject to the existing security interest. In this regard, they assert that this Court erred because it failed to take into account the provisions of La. R.S. 13:4106(B). La. R.S. 13:4106(B) provides:
 

 B. If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the | ¡¡mortgage or pledge in rem against any other property affected thereby.
 

 In
 
 Bankers Trust v. Smith,
 
 629 So.2d 525 (La.App. 5 Cir.1993),
 
 writ denied,
 
 94-124 (La.3/11/94), 634 So.2d 393, the debtors argued that the bank could not seek a deficiency judgment because La. R.S. 13:4106 barred an in rem judgment in that case. This Court concluded that the record in that case supported the trial judge’s finding that La. R.S. 13:4106 did not bar an in rem judgment. We acknowledged that the Deficiency Judgment Act provides that a deficiency judgment cannot be obtained against a debtor when, to satisfy a debt, the debtor’s property is seized and sold without appraisal. 629 So.2d at 527. However, under Section 13:4106(B), the Deficiency Judgment Act did not bar execution on two or more things pledged and mortgaged to secure the same debt.
 
 Id.
 
 This Court found that the trial court made a factual determination regarding whether Subsection (B) was triggered and we found no manifest error. Thus, the Court concluded that the exception in Subsection (B)
 
 *215
 
 applied to the facts of that case. 629 So.2d at 528-29.
 

 This case is distinguishable. Appellees assert for the first time in the application for rehearing that the exception under Subsection (B) applies. However, appel-lees did not assert this exception in the proceedings below and the trial court was never asked to determine whether the exception in Subsection (B) applied to the facts in this case. Thus, we decline to make that determination in the first instance.
 

 DECREE
 

 For the foregoing reasons, we maintain our earlier decree, reversing the trial court judgment and we remand for further proceedings. We grant the application for rehearing in part and amend our decree to read as follows:
 

 The July 5, 2007 judgment granting the Petrovich motion to withdraw funds deposited in the registry of the court, namely 17$105,719.30 plus accumulated interest, and denying the Melancon exceptions is hereby reversed. Accordingly, judgment is hereby rendered ordering that the Petrovich plaintiffs deposit the sum of $105,719.30, plus accumulated interest into the registry of court within 10 days of this partial grant of rehearing. This matter is remanded for further proceedings, consistent with the views expressed herein.
 

 In all other respects, the application for rehearing is denied.
 

 REHEARING GRANTED IN PART AND OTHERWISE DENIED; SEPTEMBER 30, 2008 DECREE AMENDED; ORIGINAL SEPTEMBER 30, 2008 JUDGMENT MAINTAINED AS AMENDED.
 

 [1]
 

 . Appellees also argue in a footnote that the appeal is moot. Appellees rely on two cases where the court concluded the appeals were moot.
 
 See: Greater New Orleans Homestead Ass’n v. Washington Square Co.,
 
 514 So.2d 251 (La.App. 5 Cir.1987),
 
 writ denied,
 
 516 So.2d 372 (La.1988) and
 
 Ascension Sav. and Loan Ass’n v. Champagne,
 
 447 So.2d 1241 (La.App. 5 Cir. 1984),
 
 writ not considered,
 
 449 So.2d 1353 (La.1984). In those cases the appellants appealed the denial of their peti-dons for injunctive relief seeking to enjoin a seizure and sale. The appellants took devolu-tive rather than suspensive appeals. However, the properties had since been sold, thereby rendering moot the appeals from the denial of the injunctive relief. We find these cases are inapposite because the appellants in this case are not seeking review of a judgment that denies injunctive relief seeking to arrest the seizure and sale of property.