CRAIG J. WEBRE                                   NO. 21-C-558

VERSUS                                           FIFTH CIRCUIT

IOULIA S. KOUBLITSKAIA                           COURT OF APPEAL

                                                 STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

                              August 09, 2021

                              Nancy F. Vega
                              Chief Deputy Clerk

**IN RE** IOULIA S. KOUBLITSKAIA

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT
COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
DANYELLE M. TAYLOR, DIVISION "O", NUMBER 805-651

---

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Lee, Jr.


**WRIT GRANTED**

Relator, Ioulia S. Koublitskaia seeks review of the 24th Judicial District

Court's July 22, 2021 judgment that ordered Ms. Koublitskaia to return her minor

child A.W. to the custody of her ex-husband Craig J. Webre by 6:00 pm on Friday,

July 23, 2021 and ordered that the hearing set for August 11, 2021 will not be

continued for any reason.  For the following reasons, we grant Relator's writ.


*Background*

On February 26, 2021, Ms. Koublitskaia and Mr. Webre were granted a

judgment of divorce and the parties also executed a Consent Judgment regarding

custody of their now four-year old child.  The pertinent parts of the judgment are

as follows:

> **IT IS HEREBY ORDERED, ADJUDGED AND
> DECREED**, that both the plaintiff Craig J. Webre, and the
> defendant, Ioulia S. Koublitskaia, are awarded joint custody of the

minor child, [A.W.], and that neither parent is designated as domiciliary parent.

* * *

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that from age 4 to 6, commencing when the minor child attains the age of 4, custody will change to *50/50* shared on a 2/2/3 rotation:

1. Both parties will exercise custody of the minor child on every other weekend from when school ends on Friday afternoon or 6:00 o'clock p.m., if there is no school, until school begins on Monday morning or at 10:00 o'clock a.m., if there is no school.

2. Mr. Webre shall have physical custody of the minor child on Wednesdays and Thursdays following his weekends and on Mondays and Tuesdays following Ms. Koublitskaia's weekends.

3. Ms. Koublitskaia shall have physical custody of the minor child on Mondays and Tuesdays following Mr. Webre's weekends and on Wednesdays and Thursdays following her weekends with [A.]

* * *

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that when the minor child attains the age of 4, both parties are awarded two non-consecutive weeks of uninterrupted vacation time with the minor child, which weeks shall be attached to their regular alternating weekends. Both parties shall advise each other of any vacation schedules with the minor child, at least thirty days in advance.

* * *

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that when [A.] is 4 years old, holidays should alternate by household and by year and according to a more particular schedule to be agreed upon by the parties with the assistance of the parenting coordinator.

In addition the parties agree as follows:

1. The parties shall enjoy holidays which fall on their regular parenting time unless specifically stated below or as modified by mutual written consent of the parties or by the parenting coordinator.

2. **Mother's Day** (From 10:00 o'clock a.m. to 7:00 o'clock p.m.) Mother is awarded visitation with the minor child of every year.

3. **Father's Day** (From 10:00 o'clock am. to 7:00 o'clock p.m.) Father is awarded visitation with the minor child of every year.

2

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that the holiday and vacation schedule shall take precedence over the regular physical custody/visitation.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that to accomplish custody transitions, the parent relinquishing custody of the minor child shall transport the minor child to the other parent's home on a timely basis.

\* \* \*

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that the parties shall be allowed to trade off or adjust the visitation schedule, according to their written mutual consent.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that Stephanie B. Lester Haywood, PhD, LPC-S, NCC, is appointed as parenting coordinator and is accordingly granted any authority contained in Louisiana Revised Statute 9:358.4. Both parents shall cooperate with and abide by the recommendations of the parenting coordinator, pending a further ruling by this Court.

\* \* \*

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, and the parties hereby stipulate that the terms of this foregoing custody judgment shall have the legal effect of a considered decree, under the standard set forth in *Bergeron v. Bergeron,* 492 So.2d 1193 (1986).

To sum, in the consent judgment, the parties agreed to the application of the heightened *Bergeron* standard to any request for modification, various custody arrangements depending on the age of their minor child, and to the appointment of a Parenting Coordinator, "granted any authority contained in La. R.S. 9:358.4," whose recommendations the parties "shall cooperate with and abide by [ . . .] pending a further ruling by the court." The parties also agreed that the custody arrangement would change to the parents equally sharing custody of their child upon the child's fourth birthday. Additionally, once the child was four years old, each parent also was entitled to take two non-consecutive weeks of vacation with the child annually, provided 30 days' notice was provided. The consent judgment also authorized the parties to "trade off or adjust the visitation schedule, according to their written mutual consent."

On June 30, 2021, Respondent, Craig J. Webre, filed a Rule for Contempt to Compel [Ms. Koublitskaia] to Submit to an Independent Medical Examination and For Additional Relief. In the rule, among other complaints, Mr. Webre alleged that Ms. Koublitskaia refused to provide him with his scheduled visitation with their child from Thursday, April 1, 2021 at 6:00 p.m., until Good Friday, April 2, 2021 at 5:30 p.m. According to an exhibit filed by Mr. Webre on the same day as the rule, the mother postponed returning from a trip with her family members from Destin, FL at the beginning of April although she knew that the father had planned to host a Good Friday holiday gathering at his home with the child's paternal family. On July 8, the trial court set a hearing on the rule for August 11, 2021. In response, Ms. Koublitskaia filed Peremptory Exceptions of No Cause of Action and Diletory Exceptions of Vagueness on July 23, 2021. The order setting the exceptions has not been signed as of August 8, 2021 at noon, but according to the official court record, the exceptions will also be taken up at the August 11, 2021 hearing.

The parenting coordinator sent a letter via email to the trial court, copying counsel for the parties (according to the letter), on July 15, 2021. In that letter, the parenting coordinator advised the court that the mother arranged to take the child to Orlando on vacation from July 17 – 24, 2021, but her father had already timely requested the week encompassing his work conference held on July 25 – 29, 2021 in Destin a few months earlier. The parenting coordinator's recommendation was to allow the "unapproved" Orlando trip under the condition that the child be returned to Mr. Webre by 6:00 p.m. on Friday, July 23, 2021. The parenting coordinator concluded "***This recommendation was made in the presence of both parties who agreed in person***" (emphasis original) and invited Judge Taylor to call her if she had any questions.

On July 15, 2021, counsel for Mr. Webre filed a Motion for *Expedited* Telephone Status Conference. (Emphasis added.)  In the motion, counsel stated that Ms. Koublitskaia was refusing to return the child to his client by the evening of Friday, July 23, 2021 and instead instructed the father to pick the child up from her home on Sunday, July 25, 2021 at 10:00 am.  Mr. Webre's counsel, Attorney Guy deLaup averred "[s]ince this issue involves long-standing vacation plans for Mr. Webre and the minor child, Mr. Weber requests a telephone status conference with the Court, to confirm the parenting coordinator's recommendation/directive as the order of the Court."

According to the writ application, counsel for Ms. Koublitskaia was not available at the time the trial court requested to hold the conference on the morning of July 22, 2021.  The subsequent order stated that the conference would have taken ten minutes and "[g]iven the *emergency* (emphasis added) nature of the issue raised in the Motion, and opposing counsel's availability" the court set the matter for 9:45 a.m..  The order also explained the district court was given two conflicting stories as to why counsel for Ms. Koublitskaia was unavailable to participate in the conference, and the court proceeded in Attorney Lee's absence, "considering [Attorney Lee's] unreasonable refusal to participate."  The order confirmed that the parenting coordinator's recommendation that the child be returned to her father on Friday, July 23, 2021 by 6:00 pm.  Ms. Koublitskaia did not abide by the order and Mr. Webre filed another rule for contempt on July 27, 2021 – the district court also set that rule on August 11, 2021.

The July 22, 2021 order also ordered that the August 11, 2021 hearing will not be continued for any circumstance, but acknowledged that counsel for mother had not yet enrolled in the matter.  On July 21, 2021, Attorney Lee advised Attorney deLaup, that she was unavailable on August 11, 2021.  The writ application contains an email exchange between Attorney deLaup and Attorney

Lee's administrative assistant that discusses forwarding alternative dates to reset the hearing on to Attorney deLaup's office. Also, on July 21, 2021, Attorney Lee filed a Motion to Enroll and Request for Notice, which was signed by Commissioner Bailey the following day. Attorney Lee subsequently filed a Motion to Continue and Reset the August 11, 2021 hearing date, but that motion was denied the next day with a note that the communication attached – the email exchange between Attorney deLaup and Attorney Lee's office – "occurred prior to Ms. Koublitskaia's refusal to return the child on 7/26/21[sic] as ordered by the court."

### *Custody/Visitation Order of July 22, 2021*

First we consider the merits of Ms. Koublitskaia's argument that the July 22, 2021 order was improper as there was no rule or motion filed or served and no hearing was conducted regarding custody or visitation. The trial court's decision in child custody matters is entitled to great weight and it will not be overturned absent a clear showing of an abuse of discretion. *Continuing Tutorship of J.R.*, 17-235 (La. App. 5 Cir. 1/3/18); 237 So.3d 1256, 1259, *citing Bergeron v. Bergeron*, 492 So.2d 1193, 1196 (La. 1986). The February 26, 2021 consent judgment ordered the parties to "***cooperate with and abide by the recommendations of the parenting coordinator***[.]" (Emphasis added.) The parenting coordinator documented in an email to the trial court and counsel that her recommendation was for the mother to return from her July vacation to Orlando by July 23, 2021. The parenting coordinator also noted that the parties agreed to the recommendation – which implicates but doesn't completely satisfy the consent judgment order that allows the parties to modify the visitation schedule, "according to ***their*** written mutual consent." (Emphasis added.) According to the parent coordinator and Mr. Webre, Ms. Koublitskaia did not notify Mr. Webre or parenting coordinator of the scheduled Orlando vacation at least thirty days in advance as required by the

6

consent judgment. In a Motion for Sanctions filed on July 28, 2021, Ms. Koublitskaia alleges that, at a parenting session on April 22, 2021, counsel for Mr. Webre knew that the parties had previously agreed to her July travel plans and to exchange the child on July 25, 2021.

La. R.S. 9:358.4 provides that a parenting coordinator shall assist the parties in resolving disputes and in reaching agreements regarding children in their care, including such issues as "minor changes and clarifications of access schedules from the existing custody plan," exchanges of the children including date, time, place, etc., and travel arrangements. We find that the parenting coordinator's July 15, 2021 recommendation[1] was regarding a minor change from the existing custody plan and therefore within her authority, pursuant to La. R.S. 9:358.4, and also the consent judgment, and not a proposed material change in custody, that would require application of the *Bergeron* standard to evaluate according to the terms the parties agreed to in the consent judgment. "Generally, parties are expected to abide by agreements reached during parenting coordination sessions, since if the coordinator's decisions have no binding effect, the advantages of the process, which include an expeditious and noncostly resolution of family conflicts, is lost." 153 Am. Jur. Trials *Litigation of Custody Disputes Involving Use of Parenting Coordinators* 399 (Originally published in 2018). Ms. Koublitskaia, not wanting to follow the July 15, 2021 recommendation per the terms of the consent judgment, should have filed a rule to show cause pursuant to La. C.C.P. art. 3945, though it appears from the writ application that Ms. Koublitskaia may not have retained new counsel until July 21, 2021.

Mr. Webre sought the July 22, 2021 order to return the child to Mr. Webre by a certain time in order to confirm the binding effect of the parenting

---

[1] We note that La. R.S. 9:358.5 states that the parenting coordinator shall distribute all reports to the court, the parties, and their counsel and it appears that the July 15, 2021 letter was not distributed to the parties.

7

coordinator's recommendation pursuant to the February 26, 2021 order regarding the recommendations of the parenting coordinator. However, "[o]ur courts consistently look beyond the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding. *Estate of Petrovich v. Jules Melancon, Inc.*, 08-185 (La. App. 5 Cir. 9/30/08); 996 So.2d 520, 525, *writ granted, cause remanded*, 09-1093 (La. 10/2/09); 18 So.3d 123, *and adhered to as amended*, 08-185 (La.App. 5 Cir. 1/12/10); 33 So.3d 211. Looking beyond the caption of the pleading, we find that Mr. Webre's Motion for Expedited Telephone Status Conference was actually a prayer for injunctive relief as contemplated by La. C.C.P. art. 3945. Mr. Webre wanted the court to compel Ms. Koublitskaia to abide by the parenting coordinator's order. Upon review of the writ application and official court record, and the trial court's per curiam, we find that the considerable efforts made to give Ms. Koublitskaia as the adverse party reasonable notice of the date and time of the incidental order were still not adequate. Therefore, although Relator was still obligated to return the child to Respondent at the time specified pursuant to the February 26, 2021 order of the district court, the district court's order of July 23, 2021 regarding custody/visitation is null and void and not enforceable. *See* La. C.C.P. art. 3945.

### *Motion for Continuance*

Last we consider Ms. Koublitskaia's assignment of error that the district court abused its discretion when it refused to grant Ms. Koublitskaia's Motion to Continue and Reset the hearing set for August 11, 2021, filed on July 27, 2021, because Ms. Koublitskaia's counsel was unavailable due to out-of-state travel from August 7 – 21, 2021. On July 22, 2021, the district court ordered that the matter would not be continued prior to Ms. Koublitskaia's counsel's enrollment in the matter. In the writ application counsel for Ms. Koublitskaia advises that neither

8

Ms. Koublitskaia's former counsel nor any of the associates or partners of her firm are available on August 11, 2021.

A continuance may be granted in any case if there is good ground therefor. La. C.C.P. art. 1601; *Porter v. Fulton*, 99-1351 (La. App. 5 Cir. 6/27/00); 762 So.2d 1272, 1274. Whether or not to grant a continuance is within the sound discretion of the trial court and the trial court's ruling will not be disturbed absent a showing of clear abuse of discretion. *Lepine v. Lepine*, 17-568 (La. App. 5 Cir. 3/14/18); 243 So.3d 737, 743. In determining whether to grant a continuance, the trial court must consider the particular facts in each case. *Suarez v. Acosta*, 15-750 (La. App. 5 Cir. 3/16/16); 194 So.3d 626, 632. Fairness to both parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance. *Lepine v. Lepine*, *supra*.

In the case *sub judice*, Attorney Lee, counsel for Ms. Koublitskaia advised Attorney deLaup, Mr. Webre's counsel, on July 21, 2021 that she was unavailable on August 11, 2021, and immediately began the process of identifying alternative dates to reset the hearing. The hearing date was set before Attorney Lee was enrolled as counsel of record in the matter. Attorney Lee also filed a Motion to Continue and Reset on July 28, 2021 – two weeks before the date the hearing was scheduled to take place. The matters to be taken up at the hearing - Mr. Webre's request for the mother to undergo psychiatric evaluation and the motions for contempt, Ms. Koublitskaia's exceptions and motion for sanctions – are not time sensitive. We acknowledge the district court's issue with counsel's failure to follow local court rules, and the resulting deficiency of the motion to continue and reset filed by Attorney Lee. But, if the hearing on August 11, 2021 is not continued, then Ms. Koublitskaia will not have the benefit of counsel for

9

adversarial, substantive hearings in the matter.  Therefore, we find the district court abused its discretion when it denied Ms. Koublitskaia's motion for a continuance.[2]

***Decree***

Considering the foregoing, we find that the trial court erred when it issued the July 22, 2021 order regarding custody/visitation without a contradictory hearing and abused its discretion in denying Ms. Koublitskaia's motion for continuance.  Accordingly, the writ application is granted.

Gretna, Louisiana, this 9th day of August, 2021.

**MEJ**
**RAC**

---

[2] We note that, in her writ application, Ms. Koublitskaia alleged that the parenting coordinator acted in a manner that was not impartial and exceeded her authority.  We decline to consider those issues as they have not been addressed by the trial court first.  *See* Uniform Rules, Courts of Appeal, Rule 1-3.

CRAIG J. WEBRE

VERSUS

IOULIA S. KOUBLITSKAIA

NO. 21-C-558

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**LEE, J., PRO TEMPORE, CONCURS WITH REASONS**

I concur in the granting of this writ application and the reversal of the trial judge's rulings at issue. However, if the allegations made in the per curiam by the trial judge are true, I find appellant's attorney's actions in this case to be sanctionable.

**JJL**

21-C-558

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/09/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-558**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)
Sheila H. Willis (Relator)                    Bernadette R. Lee (Relator)

### MAILED

Edith H. Morris (Relator)                     S. Guy deLaup, III (Respondent)
Suzanne Ecuyer Bayle (Relator)                Attorney at Law
Attorneys at Law                              3421 North Causeway Boulevard
1515 Poydras Street                           Suite 408
Suite 1420                                     Metairie, LA 70002
New Orleans, LA 70112