710 So.2d 1200 (1998)
David A. DUSSOUY
v.
CITY OF KENNER, Kenner Recreation Dept., Larry Bettencourt, Phylis Neal, Individually & on Behalf of her Minor Son, Derek Gendusa.
No. 97-CA-1254.
Court of Appeal of Louisiana, Fifth Circuit.
April 28, 1998.
*1201 Alan P. Dussouy, Metairie, for Plainitff-Appellant.
Glenn A. Ansarde, Kenner, for Defendants-Appellees.
Derek Gendusa, Kenner, in proper person.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
Plaintiff, David A. Dussouy, appeals the trial court's granting of a motion for summary judgment in favor of the City of Kenner, the Kenner Recreation Department, and Larry Bettencourt. For the following reasons, we reverse and remand.
Plaintiff was a member of the 15-16 year old Dizzy Dean Junior League sponsored by the City of Kenner's Recreation Department. On May 30, 1996, plaintiff had just finished participating in a baseball game at Wentwood Playground in Kenner against the Wentwood Red Team, another team in the Dizzy Dean League, and also under the authority of the Kenner Recreation Department. Immediately after the game, while still on the playing field, a fight erupted between the two teams. As a result of this fight, plaintiff was knocked to the ground and kicked in the face by Derek Gendusa, a member of the opposing team, the Wentwood Red. Plaintiff suffered injuries to his face and nose.
Plaintiff thereafter filed a petition in the 24th Judicial District Court seeking damages for the injuries sustained against the City of Kenner, the Kenner Recreation Department, Larry Bettencourt as Director of Recreation for the City of Kenner, and Phylis Neal, individually and in her capacity as the natural tutrix of her minor child, Derek Gendusa. In his petition, plaintiff claimed that the City of Kenner, the Kenner Recreation Department, and Larry Bettencourt were negligent in a) permitting an untrained and unschooled coach to handle the Wentwood Red Team; b) failing to provide adult supervision of the game; c) allowing the team to participate in the league despite previous incidents; and d) failing to provide a safe environment for the players to participate.
Subsequently, the City of Kenner and Larry Bettencourt filed a motion for summary judgment and a memorandum in support thereof alleging that there were no genuine issues of material fact because the City of Kenner did not have a duty to protect plaintiff from his injuries and moreover, even if a duty existed, the city was not the proximate or legal cause of plaintiff's injuries.
In response, the plaintiff filed a memorandum alleging that there was a genuine issue of material fact and that the motion for summary judgment should be denied. To support his position, plaintiff submitted an affidavit from Conrad Berniard, the coach of plaintiff's team. In the affidavit, Mr. Berniard asserted the following: on May 30, 1996, the team from Wentwood Playground started *1202 a fight with his team; that there were incidences during the game and prior games which indicated that there could be trouble with the Wentwood team; although there were playground supervisors around the concession stand prior to the game, he did not see any during the game; that there was a score keeper/league coordinator assigned to this league, but he was absent on May 30, 1996; the coach of the Wentwood team made little if no effort to stop the fight from starting, and during the game he accused his team of stealing bats.
The matter came for hearing on September 30, 1997. After considering the applicable law, the memorandum filed and the arguments of counsel, the trial court granted the motion for summary judgment in favor of the City of Kenner, the Kenner Recreation Department, and Larry Bettencourt, dismissing plaintiff's petition.[1] Plaintiff thereafter filed a writ application with this court seeking review of the trial court's ruling. We denied plaintiff's writ on the basis that his remedy was by appeal, not by application for supervisory writs. Thereafter, plaintiff filed a motion for appeal challenging the trial court's granting of the motion for summary judgment.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. Summary judgments are reviewed on appeal de novo. Thus, an appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Murphy v. L & L Marine Transp., Inc., 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045.
In Smith v. Our Lady of the Lake Hosp., Inc., supra at p. 751, the Louisiana Supreme Court discussed the operative provisions of LSA-C.C.P. art. 966 as follows:
A "genuine issue" is a "triable issue." More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." [citations omitted].
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. [citations omitted].
In Tonubbee v. River Parishes Guide, 97-440 (La.App. 5 Cir. 10/28/97), 702 So.2d 971, 974, writ denied, 97-3012 (La.2/13/98), 709 So.2d 747, this court discussed the recent amendments to the summary judgment law as follows:
LSA-C.C.P. art. 966 providing for summary judgment was amended by Act No. 9 of the First Extraordinary Session of 1996. The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of *1203 allowable actions. Orillion v. Alton Ochsner Medical Foundation, 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063. That amendment is procedural in nature and is therefore, subject to retroactive application. Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.
However, even though legislative intent is to favor summary judgments, the amended version of LSA-C.C.P. art. 966 does not change the law regarding the burden of proof in a summary proceeding. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/7/97), 689 So.2d 1372. Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law". Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
LSA-C.C.P. art. 966 was again amended by Act No. 483 of the Regular Session of 1997. Like the 1996 amendment, this latest revision recognizes that there are circumstances when the issue before the court on the motion for summary judgment is not one on which the mover would have the burden of proof at trial, and it clarifies the mover's and the adverse party's burdens of proof in that situation. Consequently, we interpret the 1997 amendment to be procedural in nature and subject to retroactive application.
Specifically, the 1997 amendment provides that the burden of proof on summary judgment remains with the mover. However, if the mover will not bear the burden of proof at trial, he only need point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. Once the mover establishes that there is no factual support for an essential element of the adverse party's claim, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If he fails to do so, the mover is entitled to summary judgment.
In light of these precepts, we must now determine whether the trial judge properly granted the motion for summary judgment.
Municipalities must exercise that care in the maintenance and operation of its public parks, playgrounds and recreational areas, and the appliances therein and thereof, commensurate with ordinary and reasonable care under the circumstances. The municipality is not the insurer of the safety of those making use of such facilities, neither is it required to eliminate every source or possibility of danger. Rather the municipality is held to the same degree of care in the performance of its obligations arising from ownership as any other person in possession and control of land. Godfrey v. Baton Rouge Recreation and Parks Commission, 213 So.2d 109 (La.App. 1 Cir.), writ refused, 215 So.2d 128 (La.1968). In general, owners and occupiers of land have a duty to refrain from acting negligently toward those they know or should know will come onto their property. The proper test is "... whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others ..." The duty is not to insure against the possibility of an accident, but to act reasonably. A governmental agency or municipality operating a public park or playground is held to the same degree of care arising from ownership as any other person in possession and control of land; this rule requires that the agency or municipality use reasonable or ordinary care to keep the premises in reasonably safe condition for those using them. Sutter v. Audubon Park Commission, 533 So.2d 1226 (La.App. 4 Cir. 1988), writ denied, 538 So.2d 597 (La.1989).
Based on the record before us, we find that there are genuine issues of material *1204 fact left to be resolved, including but not necessarily limited to whether the defendants provided inadequate supervision at the playground and whether that lack of supervision was the cause-in-fact of the plaintiff's injuries. Both in the district court and this court, defendants cite to Larry Bettencourt's deposition as support for their argument that the City of Kenner had no duty to protect or warn because there was no evidence that the playground presented an unreasonable danger to children playing baseball. While defendants attach two pages of this deposition as well as interrogatories and answers to interrogatories to the appellate brief, there is no indication that these documents were actually introduced into the record of these proceedings. Accordingly, based on the record before us, we find that the trial judge erred in granting the motion for summary judgment in favor of the City of Kenner, the Kenner Recreation Department, and Larry Bettencourt. Thus, we reverse the decision of the trial judge and remand the matter for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff, in his appellate brief, incorrectly states that the Kenner Recreation Department remains a defendant in this case. After the hearing, the trial judge granted summary judgment in favor of the City of Kenner, the Kenner Recreation Department, and Larry Bettencourt. Although the written judgment which followed specifically referred to only the City of Kenner and Larry Bettencourt, the Kenner Recreation Department is included therein as it is a department of the City of Kenner.