726 So.2d 494 (1999)
Aaron K. FOSTER
v.
CONSOLIDATED EMPLOYMENT SYSTEMS, INC., Billy Smith and ABC Insurance Company.
No. 98-CA-948
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*495 Daniel J. Caruso, Donald J. Brannan, Simon, Peragine, Smith & Redfearn, New Orleans, Louisiana, Attorneys for Defendants/Appellees.
Clark Richard, Lester J. Waldmann, Gretna, Louisiana, Attorneys for Plaintiff/Appellant.
Panel composed of Judges H. CHARLES GAUDIN, SOL GOTHARD and MARION F. EDWARDS.
GOTHARD, Judge.
Plaintiff, Aaron Foster, appeals a judgment of the trial court which granted a defense motion for summary judgment and dismissed his suit. The central issue presented in this case is whether defendant, Billy Smith, is a borrowed employee of plaintiff's employer.
According to the petition, Foster, an employee of Halter Marine, which is a division of Trinity Industries, was injured when a board from an overhead scaffold fell and hit him. Foster alleges the accident occurred as a result of the negligence of defendant, Billy Smith, who was an employee of Consolidated Employment Systems, Inc. (CESI). Foster filed a tort suit for the damages sustained as a result of the accident in which he names Smith, CESI, and its insurer as defendants.
CESI filed a motion for summary judgment in which it asserts that Smith was a borrowed employee of Halter Marine, and that the exclusive remedy for Foster is found in the Longshoreman Harbor Workers Compensation Act (LHWCA) embodied in 33 U.S.C. § 901 et seq. After a hearing on the motion, the trial court found that Smith was a borrowed employee of Halter Marine and granted summary judgment in favor of CESI, dismissing Foster's suit with prejudice. It is from that ruling that Foster appeals.
Pursuant to LSA-C.C.P. article 966, summary judgments are appropriate when there are no material issues of fact left to be decided and the mover is entitled to summary judgment as a matter of law. Article 966 A(2) as recently amended declares that "(t)he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends". The burden of proof is on the mover to make a prima facie showing that the motion should be granted. When the mover has made such a showing, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Tonubbee v. River Parishes Guide, 97-440 (La.App. 5 Cir. 10/28/97), 702 So.2d 971, 974, writ denied, 97-3012 (La.2/13/98), 709 So.2d 747; Dussouy v. City of Kenner, 97-1254 (La.App. 5 Cir. 4/28/98), 710 So.2d 1200, 1202-1203.
The record contains an affidavit from Timothy Berger, the Vice-President and General Manager of CESI. In that affidavit, Mr. Berger states that CESI is engaged in the business of providing workers to various companies including Halter Marine. The workers provided to Halter Marine were provided pursuant to a contract between CESI and Trinity Marine and all work was to be performed at the premises of Halter Marine or at a location designated by Halter Marine. Billy Smith was sent by CESI to work for Halter Marine, and was so employed at the *496 time of the accident in question herein. The affidavit makes it clear that Smith was performing the work of Halter Marine and not that of CESI. All equipment and material used were provided by Halter Marine, and supervision of Smith was the sole responsibility of Halter Marine. Halter Marine had the unqualified right to terminate the employment of any worker supplied by CESI, without consultation with CESI. CESI does admit it paid Smith out of funds received from Halter Marine.
Also contained in the record is a written contract between Trinity and CESI. That contract, when considered in its entirety, supports the statements made in the above cited affidavit. It is clear that CESI provided industrial labor personnel to Trinity. There was no evidence presented by plaintiff to controvert the affidavit.
CESI argues that Smith is a borrowed employee of Halter Marine, and therefore a co-worker of Foster, and thus it cannot be sued in tort for the injuries sustained by Foster. Such a finding would provide CESI with immunity from tort liability pursuant to the LHWCA. Accordingly, Foster's exclusive remedy lies under the LHWCA because the act bars all common law tort actions. Melancon v. Amoco Production Co., 834 F.2d 1238, 1243 (5th Cir.1988).
In the determination of borrowed employee status nine factors are to be considered:
(1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?
(2) Whose work is being performed?
(3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?
(4) Did the employee acquiesce in the new work situation?
(5) Did the original employer terminate his relationship with the employee?
(6) Who furnished tools and place for performance?
(7) Was the new employment over a considerable length of time?
(8) Who had the right to discharge the employee?
(9) Who had the obligation to pay the employee?
Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1 Cir.1993).
Considering the affidavit which was uncontroverted by the plaintiff, we cannot find manifest error in the trial court's findings of fact based on the above factual inquiries. It is clear that CESI was in the business of supplying personnel to companies like Halter Marine. It is also clear that Smith was doing the work of Halter Marine and that company furnished the tools and supplies for the job. Halter Marine had supervisory control over Smith and retained the right to discharge Smith without consultation with CESI. Although CESI paid Smith, it was with funds provided by Halter Marine. See, Hall v. Equitable Shipyard, Inc., 95-1754 (La.App. 4 Cir. 2/29/96), 670 So.2d 543.
Because we find no manifest error in the trial court's factual findings, we will not overturn the trial court's determination that Smith's legal status is that of a borrowed employee. Accordingly, the trial court properly granted the motion for summary judgment.
AFFIRMED.