JjiDALEY, Judge.
This appeal concerns a grant of summary judgment in favor of defendant State Farm Mutual Automobile Insurance Company (State Farm). A two vehicle accident occurred on U.S. Highway 90 in Jefferson Parish on December 16, 1996. Vehicle one was an automobile driven by Patricia Marine, in which plaintiff Edward Barnes was a passenger, traveling west in the center lane of the highway. Also traveling west, adjacent to and left of Marine, was vehicle two, a SAIA Motor Freight Lines, Inc. eighteen wheeler tractor trailer, operated by defendant René Darby. An impact occurred when one of the vehicles crossed the dividing lines between the lanes. Each driver contended the other driver was the one who crossed the dividing lines between the lanes, causing the accident.
For the reasons that follow, we vacate the trial court’s grant of summary judgment, and remand.
Plaintiff Barnes filed suit on May 2, 1997 against Darby, SAIA, and State kFarm, Marine’s liability insurer. Though Barnes named State Farm as a defendant in its capacity as Marine’s motor vehicle liability insurer, he made no specific allegations of negligence against Marine.
Marine also filed suit against Darby and SAIA. On June 12, 1997, the district court signed an Order of Consolidation of the two suits. Various cross-claims have been filed that are not an issue on appeal.
State Farm filed a Motion for Summary judgment based upon the deposition testimony of an independent witness to the accident, Philip Jerome Coleman, who stated that he saw Darby’s truck cross the dividing line between the center and left lanes of the highway. To its motion, State Farm attached Barnes’s three petitions, the entire deposition of Coleman, and Barnes’s Responses to Requests for Admissions. Darby and SAIA opposed State Farm’s motion, attaching as exhibits Darby’s affidavit, which stated that it was Marine’s vehicle that left its lane of travel, and that there were no witnesses to the accident other than the persons in the vehicles; and the State Police accident report, that states there were no witnesses to the accident.
The motion was argued on March 18.1998. The trial court signed a judgment granting the motion on April 7, 1998. The trial court certified the judgment as final for the purposes of immediate appeal, as per LSA-C.C.P. art.1915. Darby and SAIA appeal.
On appeal, Darby contends that the trial court impermissibly granted summary judgment because the granting of the judgment depended upon the trial court’s assessment of the credibility of the witnesses. Darby’s affidavit contends that Marine’s vehicle was the one that crossed the lane dividing line, whereas Marine and Barnes claim that it was Darby’s vehicle that caused the accident by crossing the line. Coleman, in his deposition, states that he witnessed the SAIA truck cross the dividing hline, causing the accident. *493 Appellants argue that the trial court erred in impermissibly weighing the credibility of the witnesses, and by finding Darby not credible. Darby argues that the conflicting evidence creates a material issue of fact as to how the accident occurred.
Analysis
Summary judgments are reviewed on appeal de novo. Thus, an appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a. genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Dussouy v. City of Kenner, 97-1254 (La.App. 5 Cir. 4/28/98), 710 So.2d 1200.
Summary judgments are now favored under the law. LSA-C.C.P. art. 966, as amended by Acts 1996,1st Ex.Sess., No. 9 and Acts 1997, No. 483. “Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these -ends.” LSA-C.C.P. art. 966 A(2). A motion that shows that'there is no genuine issue as to material fact shall be granted. The burden of proof remains with the movant.
In Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, the Supreme Court discussed what is meant by “genuine issue” and “material fact.” They said:
A “genuine issue” is a “triable issue.” More precisely, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes.” In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. “Formal allegations without substance should be closely scrutinized to determine faif they truly do reveal genuine issues of fact.” [citations omitted] [emphasis added].
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. “[F]acts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Simply put, a “material” fact is one that would matter on the trial on the merits. [citations omitted].
The independent witness, Philip Coleman, testified in deposition that he was a delivery truck driver for Area Wholesale on the date that this accident occurred. He had just made his last delivery and planned to return to the Westbank via the Huey Long Bridge. He was driving-on Jefferson Highway directly behind the SAIA truck when he states he saw it attempt to change lanes without signaling. In the process, the SAIA truck hit the Ford driven by Marine, which was located in the adjacent lane next to the SAIA truck. Coleman observed one impact between the vehicles. He testified that after the impact, the vehicles separated but both came to a stop in their respective lanes. Coleman stated that he pulled around them and into a parking lot, and then gave his name and number to the passenger in the Ford (Barnes). Coleman explained that he could not wait for the police because he needed to return to his office in Marrero. He stated that the accident happened so fast, it was his opinion that the Ford had no time to avoid it.
In Barnes’s answers to Requests for Admissions propounded by State Farm, answered on September 8,1997, he opined that the accident was caused by the negligence of the SAIA driver, Darby. In Request # 2, Barnes states that although he believes Darby’s negligence to be the sole cause of the accident, because he “is not in a position to know what the outcome of this lawsuit will be, he has brought in as an additional defendant the operator of the vehicle that he was a passenger in at the time of the accident, Patricia Marine.” His Second Supplemental and Amending ^Petition, filed November 7, 1997, adds Patricia Marine as a defendant, alleging her negligence. Darby’s affidavit alleges that it is his opinion that the accident was caused by the negligence of Marine, and that there were no other witnesses to the accident. The police report states that there *494 were no other witnesses to the accident. However, these statements are explained by-Coleman’s statement that he was only on the scene long enough to give Barnes his name and number, and that he did not wait for the police. Also, Coleman’s description of the accident in his deposition is consistent with the police report describing the incident.
All of the evidence at issue (the deposition, the admissions, and the affidavit) attests to the ultimate material fact: who caused the accident and therefore who has legal liability. The trial judge could not have rendered summary judgment in this matter without weighing the credibility of the witnesses (Coleman, Darby, and Barnes), and choosing one side’s version of the accident over the other. Therefore, summary judgment is not proper.
Accordingly, we vacate the summary judgment, and remand for proceedings consistent with this opinion.
VACATED AND REMANDED.