1,THOMAS F. DALEY, Judge.
The plaintiff, Rudy Brown d/b/a L.A. Homes, Inc. (L.A.Homes), has appealed *29 the trial court’s judgment in favor of the defendants, Gina and Michael Connor (Connors). The plaintiff filed suit against the defendants for defamation asserting that a sign placed in front of defendant’s home and pointing to the new home constructed next door, which read, “BEFORE YOU BUY THIS HOUSE, PROM L.A. HOMES. COME TALK TO U.S. FIRST. BAD COMPANY.”, was defamatory. Following a trial on the merits, the trial court found the plaintiff failed to prove his case by a preponderance of the evidence. For the reasons that follow, we affirm.
FACTS:
Gina and Michael Connor purchased a home located at 77 Dunlieth Court in Plantation Estates Subdivision on March 31, 1995. Clayton Miller (Miller) was the general contractor who built the home. L.A. Homes financed the construction, shared responsibility for warranty work on the home, and shared with Miller in the profit from the sale.
RMrs. Connor testified that after she and her husband moved into the home, they experienced several problems with the house, including doors that did not close, an electrical outlet that did not work, an air conditioner that did not cool, two roof leaks, an inadequate paint job, and carpet that faded and matted prematurely. Mr. Connor testified that Mr. Brown told him at the act of sale that he would get the warranties together and give them to the Connors, but they never received the written warranties. Mr. Connor testified that he was not satisfied with the warranty work performed by Clayton Miller or L.A. Homes. Despite his complaints he was told by Mrs. Brown that L.A. Homes had met their requirements as a contractor and would have nothing further to do with the house. Mr. Connor acknowledged placing the sign at issue in his front yard. He testified he placed the sign there to alert potential purchasers of the home next door of the warranty problem he experienced and to advise potential purchasers to be sure to get the warranty papers on their home prior to the act of sale. Mrs. Con-nor admitted speaking to Mr. and Mrs. Cantrelle, who signed a purchase agreement on 73 Dunlieth Court, about problems he experienced with L.A. Homes.
Plaintiff contends that L.A. Homes performed all of the repairs on the Connor home except the carpet problem, which plaintiff contends was due to normal wear and tear.
L.A. Homes had a pending sale on 73 Dunlieth Court to Mr. and Mrs. Cantrelle, who had signed a purchase agreement on September 19, 1997. On September 22, 1997, L.A. Homes and the Cantrelles’, in writing, mutually agreed to terminate the purchase agreement. The document indicates that the reason for the withdrawal was, “After hearing and seeing the sign next to 73 Dunlieth and hearing and knowing the builder’s reputation we have many reservations about purchasing this home.” After the sale to the Cantrelles fell through L.A. Homes removed the “for sale” sign from 73 Dunlieth and rented the home. Contrary to the | ^withdrawal document, Helen Cantrelles testified at trial that she and her husband decided to withdraw the purchase agreement with L.A. Homes on 73 Dunlieth Court for financial reasons. She testified that the purchase agreement was predicated on the sale of her existing home before November 25, 1997 and that she did not sell her home until December 1997.
The home in question did not sell until July 7, 2000, resulting in a loss to L.A. Homes. In addition, because of the damage the sign did to the reputation of his business, Mr. Brown claims he was not able to build any other homes in Plantation *30 Estates, which caused him additional economic injury.
At the conclusion of trial, the trial judge took the matter under advisement. A short time later the trial court ruled in favor of defendants finding that “plaintiff has failed to prove his case by a preponderance of the evidence” without giving detailed reasons or findings of fact.
DISCUSSION:
On appeal, plaintiff argues the trial court erred in finding plaintiff failed to prove his case by a preponderance of the evidence. Plaintiff argues that Mr. Con-nor’s sign was “an unprivileged publication to a third party of a false and defamatory statement concerning another.” Plaintiff contends if it were true that he was a bad builder, he would not have been in business for so many years. Plaintiff further contends that the intent of the sign was to discourage potential buyers from purchasing the home next door. He argues that the fact that the Cantrelles withdrew their offer shows actual malice and fault on the part of the Connors. Finally, plaintiff argues that the house had to be taken off of the market for two year's because of the sign and that he proved damages as a result of the defamation.
| Jn order to prevail in a suit for defamation, plaintiff has the burden of proving by a preponderance of the evidence five essential elements: defamatory words, publication, falsity, malice and resulting injury. Sommer v. State, Dept. of Transp. and Dev., 97-1929 (La.App. 4 Cir. 3/29/00), 758 So.2d 923, 939, writ denied, 2000-1759 (La.10/27/00), 772 So.2d 122. The cause of action fails if plaintiff fails to prove even one of these elements. Id. Defamatory words have been defined as words that “tend to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating with him.” Id. at 939. These words must be communicated or published to someone other than the plaintiff. Id. Words are considered defamatory per se if by their nature, they tend to injure one’s personal or professional reputation. Id. If the plaintiff proves publication of defamatory per se words, the elements of falsity, injury and malice are presumed, although they may be rebutted by the defendant. Id. To rebut this presumption, defendants have the burden of proving a reasonable belief in the truth of the statements. Id. An action in defamation does not lie from a statement of opinion based on the speaker or writer’s subjective view and that does not state or imply underlying facts. Mashburn v. Collin, 355 So.2d 879 (La.1977); Bussie v. Lowenthal, 535 So.2d 378 (La.1988). The test for determination of whether a statement is fact or opinion is whether “ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker’s or writer’s opinion, or as a statement of existing fact.” Mashbum at 885. Whether a statement is an expression of opinion or a fact is determined according to the specific facts and circumstances of each case. Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706.
Plaintiff alleges that the words on the sign “BEFORE YOU BUY THIS HOUSE, FROM L.A. HOMES. COME TALK TO U.S. FIRST. BAD COMPANY.” is a “communication of defamatory allegations which are known to |7be false by defendants and which have caused immediate and irreparable damage to the plaintiffs.”
Plaintiff first contends that the statement on the sign was false because L.A. Homes did not build Mr. and Mrs. Connors home. Plaintiff suggests that since L.A. Homes was not the contractor *31 who built the Connors home, any defects in workmanship could not be attributed to LA. Homes. The evidence presented at trial, however, clearly establishes that although L.A. Homes was not the contractor, L.A. Homes and Mr. Miller, the contractor, shared warranty responsibility. Based on the shared warranty responsibility publication of information concerning the quality of the warranty work on the house was not falsely attributed to L.A. Homes.
Secondly, plaintiff claimed that the statement was false because all legitimate warranty problems were resolved. Defendants argue that the truth of the statement that L.A. Homes is a bad company is supported by their testimony and that of Hugh Bailleos, another customer of L.A. Homes who experienced warranty problems. The Connors testified that the purpose of putting the sign up was to warn potential buyers to get the warranty papers prior to going to the act of sale so they would not encounter problems in having warranty work performed. The testimony of Mr. and Mrs. Connor combined with the testimony of Mr. Bailleos establishes that defendants believed and had a good faith basis to believe that L.A. Homes is a bad company because L.A. Homes did not fulfill its warranty commitments.
Defendant’s public sign publicizing their opinion that L.A. Homes is a bad company does not constitute actionable defamation because the warranty dispute between the parties had a basis in fact. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.