SOL GOTHARD, Judge,
The plaintiffs, Mary Walker, Michael Walker, Kimberly Klein and Christopher Walker, appeal from the trial, court’s ruling granting summary judgment in favor of Gray Insurance Company, Michael Shields, J.P. & Sons Incorporated (J.P. & Sons), James Phillips, Jr., and Odette Phillips, dismissing these parties from the suit with prejudice. For the reasons that follow, the .ruling of the trial court is affirmed.
The plaintiffs are the wife and major children of decedent; Robert Walker. Mr. Walker was killed while at work, when a truck driven by co-worker Michael Shields and owned by J.P. & Sons rolled over him twice while in reverse.
Plaintiffs filed suit against several defendants alleging negligence under traditional tort law principles.. Thereafter, defendants filed a motion for summary judgment alleging that Robert lYalker was a borrowed employee and therefore, plaintiffs’ exclusive remedy was in worker’s compensation pursuant to La. R.S. |a23:1032. They also requested dismissal of défendants James Phillips, Jr. and Odette Phillips on the grounds that they did not own the land on which the accident occurred.[1]
We noth . that the exclusivity of Workers’ Compensation is an affirmative defense. Further, we are mindful that defendants are the movers and bear the burden of proof in a motion for summary judgment.
The law on summary judgment was fully discussed by our Supreme Court in Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, 2257 (La.2/29/00), 755 So.2d 226. . ..
Our review of a grant or denial of a motion for summary judgment is de novo. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to , material fact, and that the mover is entitled to judgment *1110 as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:
The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
(some citations omitted) Id.Id. 755 So.2d at 230-231
La. R.S. 23:1031 C provides that employers of borrowed employees “shall be entitled to the exclusive remedy protections provided in R.S. 23:1032.” This court has listed the factors for consideration in the determination of borrowed employee status in Foster v. Consolidated Employment Systems, Inc., 98-948 (La. App. 5 Cir. 1/26/99), 726 So.2d 494, 496, citing Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1 Cir.1993).
|4(1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?
(2) Whose work is being performed?
(3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?
(4) Did the employee acquiesce in the new work situation?
(5) Did the original employer terminate his relationship with the employee?
(6) Who furnished tools and place for performance?
(7) Was the new employment over a considerable length of time?
(8) Who had the right to discharge the employee?
(9) Who had the obligation to pay the employee?
Defendants’ argument is that Robert Walker was a borrowed employee of J.P. & Sons. In support of that argument they showed that J.P. & Sons owns the trucks, and it owns Robert Walker’s employer Joseph Management Services (JMS). Plaintiff does not dispute these allegations.
Attached to the defendants’ motion for summary judgment is the affidavit of Pauline Phillips who is the secretary of J.P. & Sons. She stated that J.P. & Sons does not have employees on their payroll but does lease or borrow employees from JMS. She further stated that JMS employees are exclusively leased to J.P. & Sons and all labor costs (workers’ compensation insurance, health insurance, FICA and salaries) of JMS employees are invoiced to J.P. & Sons on a monthly basis. The affidavit also stated that this lease arrangement was in place at the time of Mr. Walker’s accident and that all employees of JMS were hired and subject to termination by the officers of J.P & Sons. Ms. Phillips further stated that all tools and equipment issued by JMS employees were provided by J.P. & Sons.
In Ms. Phillips’ deposition she stated that the truck that caused Robert Walker’s death was owned by J.P. & Sons. She further stated that JMS sent |,^invoices to J.P. & Sons, and did not make any profit from the leasing of its employees. It simply transferred all of the costs. According to Pauline Phillips’ deposition, J.P. & Sons is the company that would enter into contracts with any entity in which the JMS employees were working. She explained that JMS issued J.P. & Sons a monthly *1111 bill. Funds were then transferred from J.P. & Sons to JMS. JMS then sent those funds to Paychex for distribution to employees.
Also attached to the motion for summary judgment are invoices issued by JMS billing J.P. & Sons for employees, including decedent Robert Walker and Michael Shields, for the month of March, 2002.
The record also contains the deposition of Marion Phillips, vice president of J.P. & Sons. His testimony corroborates that of Pauline Phillips.
In their opposition, plaintiffs present the affidavit of Mary Walker, wife of Robert Walker. In the affidavit, Ms. Walker asserts that there was no written contract between JMS and J.P. & Sons to lease workers. She further asserts that there was neither responsibility for nor supervision of Robert Walker by J.P. & Sons. She asserts that “Robert Walker’s actual paycheck was issued under Joseph Management Systems under a contract with Paychex.” She further states that her husband purchased and provided his own tools for work, disputing defendant’s assertion that the tools were provided by the company.
La. C.C.P. Art. 967(B) provides that when movant has supported his summary judgment motion with competent evidence “an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” Further, La. C.C.P. Art. 967(A) in pertinent part provides “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, |fiand shall show affirmatively that the affiant is competent to testify to the matters stated therein.”
The affidavit of Mary Walker, relied upon by plaintiffs to dispute defendants’ showings, does not meet these criteria. She has no personal knowledge of nor would she be able to testify to the existence of any contract between JMS and J.P. & Sons or responsibility for supervision of Robert Walker during his employment.
The only relevant issue still in dispute is whether or not J.P. & Sons provided tools for Robert Walker. Assuming arguendo that this fact would be deemed proven, it is not by itself sufficient to defeat the summary judgment. We find that plaintiffs have failed to produce sufficient factual issues to defeat defendants’ affirmative defense of the exclusivity of Workers’ Compensation.
Under these circumstances, we find that the trial court was correct in finding that no genuine issue of material fact remains to be decided and that defendants were entitled to summary judgment as a matter of law. Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

. Neither party contests the part of the ruling which dismisses defendants, James Phillips Jr. and Odette Phillips. Accordingly, issues that relate to the dismissal of those defendants will not be addressed in this opinion.