887 So.2d 608 (2004)
Joseph ST. GERMAIN
v.
Tim COULON, Tim Whitmer and Parish of Jefferson.
No. 04-CA-531.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 2004.
*609 Vallerie L. Oxner, Metairie, LA, for Plaintiff/Appellant.
Daryl A. Higgins, Michael D. Peytavin, Nicole M. Gober, Gretna, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
*610 WALTER J. ROTHSCHILD, Judge.
On July 19, 2002, the plaintiff, Joseph St. Germain, filed a "Petition for Defamation, Abuse of Rights, Intentional Misrepresentation of Facts and Intentional Infliction of Emotional Distress," naming Tim Coulon, Tim Whitmer, and Jefferson Parish as defendants. In his petition, St. Germain asserts that he applied for a job with Jefferson Parish as a Mechanical Inspector I, and he was told that he was qualified and eligible for the job. However, St. Germain contends that he was denied the job, because Coulon and Whitmer used their power and influence to prevent Jefferson Parish from hiring him. He asserts that Coulon and Whitmer prevented him from being hired, because he had complained a few years ago about the fee he was charged to tie into a sewer line during the construction of his residence.
St. Germain claims that Coulon and Whitmer made false and insulting statements about him to various people within Jefferson Parish and that the defendants are liable to him for damages caused by defamation, abuse of rights, intentional infliction of emotional distress, and intentional misrepresentation of facts. St. Germain further asserts that Coulon and Whitmer were acting in the course and scope of their employment with Jefferson Parish and, therefore, Jefferson Parish is liable to him for the actions of its employees.
On August 26, 2002, Coulon, Whitmer, and Jefferson Parish filed Exceptions of Vagueness, No Right of Action, and No Cause of Action. The matter came for hearing on March 5, 2003, and the trial court granted the exception of vagueness with regard to the defamation allegations, but allowed St. Germain 30 days within which to amend the petition to state the dates of the alleged defamatory statements, the identity of who made the statements and to whom, and the manner in which they were communicated. The trial court also granted the exception of no cause of action regarding the abuse of rights allegations, but allowed St. Germain 30 days within which to amend the petition to state the specific constitutional or statutory right allegedly abused. The trial court granted the exception of no right of action with regard to the claims of intentional misrepresentation of facts and dismissed those claims. In all other respects, the exceptions were denied.
On April 4, 2003, St. Germain filed an Amended Petition, in which he set forth his defamation claims with more particularity, indicating what statements were made, who made them, and to whom they were made. He states that the alleged defamatory statements were made either in person or over the telephone. With regard to the abuse of rights allegations, he states that the defendants refused to give him a job because he exercised his constitutional right to question and protest the amount he was charged for sewerage.
In response to the amended petition, Coulon, Whitmer, and Jefferson Parish filed Exceptions of Prescription, No Right of Action, No Cause of Action, and Vagueness. A hearing on the exceptions was held on July 2, 2003. With regard to the plaintiff's defamation claims, the trial judge found that the original and amended petitions did not set forth the publication element required to state a cause of action for defamation. Accordingly, the trial judge granted the exception of no cause of action for defamation as to Coulon, Whitmer, and Jefferson Parish, and dismissed all of St. Germain's defamation claims. The trial judge also granted the exception of no cause of action for abuse of rights as to Coulon and Whitmer, stating that the plaintiff did not state a cause of action against them in their individual capacity, *611 but he overruled the exception of no cause of action for abuse of rights as to Jefferson Parish.
On July 17, 2003, St. Germain filed a Motion to Designate Judgment as a Final Judgment, seeking to appeal the trial judge's ruling on the exceptions of no cause of action for defamation, as to all defendants, and no cause of action for abuse of rights, as to Coulon and Whitmer. The trial court granted the motion, finding that there was no just reason for delay, and this appeal ensued.

DISCUSSION
On appeal, St. Germain argues that the trial judge erred in sustaining the defendants' exception of no cause of action for defamation, because: 1) the statements alleged were defamatory; 2) all of the statements were not intra-corporate communications between the defendants and other Jefferson Parish officials; and 3) the defense of intra-corporate communications is a qualified privilege that can only be raised as a defense and not as an exception of no cause of action. The defendants respond that the statements were not defamatory because they were expressions of opinion, and that communications were not "published" for purposes of a defamation action.
A peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Donnaud's Inc. v. Gulf Coast Bank and Trust Co., 03-427 (La.App. 5 Cir. 9/16/03), 858 So.2d 4, 6, writ denied, 03-2862 (La.1/9/04), 862 So.2d 985. When considering an exception of no cause of action, the court must review the petition and presume all of the factual allegations of the petition to be true. Id. When the trial court grants an exception of no cause of action, the appellate court reviews the matter de novo, because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the plaintiff's petition. August v. Grand Lake Construction, 02-632 (La.App. 5 Cir. 12/30/02), 837 So.2d 78, 81.
Defamation is a tort which involves the invasion of a person's interest in his reputation and good name. Huxen v. Villasenor, 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, 212. To maintain an action for defamation, the plaintiff must prove four elements: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault (negligence or greater) on the part of the publisher; and 4) resulting injury. Singleton v. St. Charles Parish, 02-590 (La.App. 5 Cir. 11/26/02), 833 So.2d 486, 496, writ denied, 02-3234 (La.3/14/03), 839 So.2d 44. The plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused the plaintiff damages. Id. If even one of the required elements of the tort of defamation is lacking, the cause of action fails. Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129, 140.
A plaintiff alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant. Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706, 713. In a defamation action, the first inquiry is whether the words used are defamatory. Huxen v. Villasenor, supra at 212. Accordingly, we review the original and amended petitions to determine whether the words allegedly used by the defendants are defamatory.
In the original petition, St. Germain asserts that Coulon and Whitmer "made statements to various people within the Parish saying that the Petitioner was a trouble maker, that he was trash, and that *612 he would never get a job in Jefferson Parish." In the amended petition, St. Germain contends that the following statements made by Coulon and/or Whitmer were defamatory:
1) that St. Germain "complained too much about the sewerage and burnt too many bridges;"
2) that St. Germain "caused too much trouble with the sewerage;"
3) that St. Germain was "out to get" Coulon;
4) that St. Germain was a "thorn in their side."
5) that Coulon could not have anybody like St. Germain working for him because he complained too much about the sewerage;
6) that St. Germain was "trouble" and "trash" and "don't give him the job."
"Defamatory words" are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose a person to contempt or ridicule. Costello v. Hardy, supra at 140. The determination of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court. Id.
An action in defamation does not lie from a statement of opinion based on the speaker's subjective view, which does not expressly state or imply the existence of underlying facts, because falsity is an element of any defamation claim and a purely subjective statement can be neither true nor false. Brown v. Connor, 03-282 (La.App. 5 Cir. 10/15/03), 860 So.2d 27, 30; Singleton v. St. Charles Parish, supra at 496. Casual remarks made in informal conversation, even if they include unflattering words, do not constitute actionable defamation. Guillory v. State Farm Insurance Co., 94-1405 (La.App. 4 Cir. 9/28/95), 662 So.2d 104, 112.
In the present case, the words allegedly spoken by Coulon and Whitmer are not defamatory. In the original petition, St. Germain admits that he complained about the fee that he was charged to tie into the sewer line during the construction of his residence. The alleged statements by Coulon and/or Whitmer that he "complained too much about the sewerage" and "caused too much trouble with the sewerage" are clearly statements of opinion. Other alleged statements, such as St. Germain being "trash," "trouble," and a "thorn in their side," are obviously statements of opinion based on the speaker's subjective view, which do not expressly state or imply the existence of underlying facts.
We have carefully reviewed the original and amended petitions. Accepting the well-pleaded factual allegations as true, we find that the plaintiff has failed to allege any defamatory statements made by the defendants. Accordingly, we conclude that the facts alleged by the plaintiff do not state a cause of action for defamation, and the trial court correctly dismissed the plaintiff's claims for defamation against Coulon, Whitmer, and Jefferson Parish. Considering our finding that defamatory statements have not been alleged by the plaintiff, it is unnecessary to discuss the plaintiff's remaining arguments regarding his claims for defamation, such as publication.
On appeal, St. Germain further argues that the trial court erred in dismissing his claim for abuse of rights against Coulon and Whitmer individually. He asserts that Coulon and Whitmer refused to employ him in retaliation for his questioning the cost he was charged to tie in to the sewer line during construction of his residence. He argues that their refusal to hire him violated all rules of good faith and fairness.
*613 The abuse of rights doctrine is a "civilian concept which is applied only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights." Wagner v. Fairway Villas Condominium Associates, Inc., 01-0734 (La.App. 3 Cir. 3/13/02), 813 So.2d 512, 518, writ denied, 02-1492 (La.9/20/02), 825 So.2d 1174. The abuse of rights doctrine applies when one of the following conditions is met:
1) if the predominant motive for exercise of the right is to cause harm;
2) if there is no serious or legitimate motive for exercise of the right;
3) if the exercise of the right violates moral rules, good faith, or elementary fairness; or
4) if the exercise of the right is for a purpose other than that for which it was granted.
Truschinger v. Pak, 513 So.2d 1151 (La.1987).
At the hearing on the defendants' first exception of no cause of action for abuse of rights, the trial court granted the exception, but allowed St. Germain 30 days within which to amend the petition to state the specific constitutional or statutory right allegedly abused. In the amended petition, St. Germain did not comply with the trial court's ruling. In fact, at the hearing on the defendants' second exception of no cause of action for abuse of rights, which is at issue in this appeal, counsel for St. Germain admitted:
As far as the abuse of rights, Mr. Peytavin is right. I have not provided anything in our amended petition that I have not been able to come up with a constitutional right that I thinkthat I can allege that was abused at this particular point in time. So I did not amend the petition to include any additional facts for the abuse of rights. So I could concede that argument.
After a thorough review of the original and amended petitions, we find that the plaintiff has failed to set forth a cause of action for abuse of rights against Coulon and Whitmer individually.[1] The original and amended petitions do not indicate a valid right that was allegedly abused by Coulon and Whitmer. Further, even if accepted as true, the factual allegations do not state a cause of action against these defendants for abuse of rights. Accordingly, we conclude that the trial court was correct in sustaining the exception of no cause of action for abuse of rights as to Coulon and Whitmer.

DECREE
For the reasons set forth above, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] The issue of whether the trial court was correct in finding that St. Germain stated a cause of action for abuse of rights against Jefferson Parish is not before us in this appeal.