THOMAS F. DALEY, Judge.
|gThe plaintiff has appealed the trial court’s grant of summary judgment in favor of the defendant. For the reasons that follow, we affirm.
FACTS:
The plaintiff, Joseph St. Germain, filed a petition entitled “Petition for Defamation, Abuse of Rights, Intentional Misrepresentation of Facts, and Intentional Infliction of Emotional Distress” against Tim Coul-on, Tim Whitmer, and the Parish of Jefferson. In this petition, St. Germain alleged that he was certified by the Parish of Jefferson (hereinafter referred to as “the Parish”), as eligible for a job as Mechanical Inspector I and he was not hired for the position because then Parish President Coulon (Coulon) and his Chief Administrative Officer, Tim Whitmer (Whitmer), “used their power and influence” to prevent the Parish from employing him because of his past complaints regarding the amount he was charged to connect a sewer line to his residence. Specifically, St. Ger-main alleged Coulon and Whitmer made statements to various people that he was a |3“troublemaker” and “trash” and that these statements were intended to prevent him from obtaining employment with the Parish. He further alleged the defendants’ actions were calculated to intentionally inflict emotional distress on him and were intentional misrepresentations of the facts. He also alleged that the actions of defendants were “an abuse of right and/or abuse of power and influence” as Coulon and Whitmer were acting in the course and scope of their employment making the Parish liable to him for the actions of its employees.
In response to this petition, the defendants filed Exceptions of No Cause of Action, No Right of Action, and Vagueness. The trial court granted the Excep *629 tion of No Cause of Action for abuse of rights, holding that St. Germain failed to allege what right was allegedly abused by defendants. He was allowed 30 days to amend his petition to plead the necessary elements of each cause of action. Exceptions were again filed to the amended petition and the trial judge dismissed St. Ger-main’s defamation claims against Coulon, Whitmer and the Parish, as well as the abuse of rights claims against the individual defendants. This judgment was certified as appealable. In affirming the trial court, this Court held the statements alleged by plaintiff were opinion and were protected under the First Amendment. St. Germain v. Coulon, 04-531 (La.App. 5 Cir. 10/26/04), 887 So.2d 608. This Court further explained that the abuse of rights doctrine is a civilian concept, which is applied only in limited circumstances because its application renders unenforceable one’s otherwise judicially protected rights. The Court noted that at the first Exception of No Cause of Action for abuse of rights, St. Germain was given 30 days to amend his petition to state the specific constitutional or statutory right allegedly abused. In noting that St. Germain failed to amend to state a specific right abused, this Court quoted St. Germain’s counsel’s statement made at the hearing on the exception:
|4I have not provided anything in our Amended Petition that I have not been able to come up with a constitutional right that I think — that I can allege that was abused at this particular point in time. So I did not amend the Petition to include any additional facts for the abuse of rights.
This Court went on to hold that St. Ger-main failed to set forth a cause of action for abuse of rights against Coulon and Whitmer individually, specifically noting that the issue of the abuse of rights claim against the Parish was not before it on appeal. This matter continued in the trial court where the Parish filed a Motion for Summary Judgment on the intentional infliction of emotional distress and abuse of rights claims against the Parish. The trial court granted the Parish’s Motion for Summary Judgment and St. Germain filed the instant appeal.
LAW AND DISCUSSION:
This Court reviews the trial court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764. Summary judgment is warranted only if “there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(C)(1). In ruling on a Motion for Summary Judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett, supra. In Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, the Supreme Court discussed what is meant by “genuine issue” stating:
A “genuine issue” is a “triable issue.” More precisely, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue ...” (citations omitted)
\Jd. at 751.
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Barnes v. Darby, 98-738 (La.App. 5 Cir. 1/26/99), 726 So.2d 491. Any decision as to the propriety of a grant of the motion must be made with reference to the substantive law ap *630 plicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained. Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5 Cir.1988).
On appeal, St. Germain contends that he has stated a cause of action for abuse of rights and the facts are sufficiently in dispute to make summary judgment inappropriate in this case. We disagree.
In its Motion for Summary judgment, the Parish stated that St. Germain has not cited any contractual or statutory basis for a claim that he is entitled to a job with the parish, thus he cannot prove that by denying him a job, the Parish abused his rights. In opposition to the Motion for Summary Judgment, St. Germain merely alleged that the Parish “abused the right of Mr. St. Germain who had every reason to believe that he would receive fair treatment from the Parish.” St. Germain acknowledged that the Parish had the right to choose who it will employ, but the Parish “exercised its right in a manner designed to punish the plaintiff because he had previously protested the fee that he was charged for sewerage.” St. Germain argued that the Parish had no legitimate motive to exercise its right not to hire him because “it will be shown that the plaintiff was the only certified applicant for this job for several months” and the only reason he was not hired was because of his protest. Attached to the opposition were several postcards addressed to plaintiff from the Parish stating plaintiff was eligible for employment in the class [ ñof Mechanical Inspector I. St. Germain attached no documents or proof of any kind to support his allegations that he was treated unfairly by the Parish or that his rights were abused. Thus, the Parish alleged that there was an absence of proof for plaintiffs claim of abuse of rights and plaintiff failed to come forward with proof that he will be able to meet his evidentiary burden of proof at trial. Additionally, in St. Germain v. Coulon, supra, this Court held that plaintiff failed to properly plead a claim for abuse of rights in response to the trial court’s order to do so. In fact, St. Ger-main’s attorney readily admitted to the trial judge that she did not amend the petition to include any additional facts for the abuse of rights claim. Based on the foregoing, the Parish is entitled to summary judgment with regard to St. Ger-main’s abuse of rights claim.
The plaintiff goes on to argue that the facts regarding his cause of action for intentional infliction of emotional distress are sufficiently in dispute as to make summary judgment inappropriate. Again, we disagree.
In order to recover for intentional infliction of emotional distress, a plaintiff must prove: (1) the conduct of the defendant was extreme and outrageous, (2) the emotional distress suffered by plaintiff was severe, and (3) the defendant desired to inflict severe emotional distress or knew that it was certain or substantially certain to result from his conduct. White v. Monsanto, 585 So.2d 1205 (La.1991). In order to assert a claim of intentional infliction of emotional distress, the conduct complained of must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and intolerable in a civilized society. Id. The court went on to state that liability does not extend to mere insults, indignities, threats, annoyances, pity, oppressions or other trivialities. Id. In its Motion for Summary Judgment, the Parish stated that this Court found the allegations made by St. Germain that Coulon and Whitmer |7told various individuals that St. Germain was a “troublemaker,” “burnt too many bridges,” “a thorn in *631 their sides,” and “trash” did not constituted defamation, but were statements of opinion. Citing White v. Monsanto, supra, the Parish claimed that these words are not so outrageous in character and extreme in degree as to “go beyond all bounds of decency” and to be regarded as “atrocious” and “utterly intolerable.” In opposition, St. Germain stated that “after a trial of the evidence, the plaintiff will be able to establish a pattern of conduct by these defendants that is extreme and outrageous.” St. Germain went on to state that he could establish the conduct of defendants was outrageous because he was the only qualified applicant for this job and the defendants chose not to fill the job for a considerable amount of time. St. Ger-main goes on to argue that when the job was filled, it was filled by a person who was not qualified and states that the defendants indicated they would not hire plaintiff because he had been a troublemaker. However, St. Germain failed to attach any evidence to support his allegations of outrageous behavior to the opposition. Specifically, St. Germain did not produce any evidence to support his allegations that the job was left vacant for an extended period of time, that it was filled by an unqualified person, or that the Parish did not hire him because he “had been a troublemaker over the sewerage.” Once the Parish pointed out that there was an absence of support for St. Germain’s allegations, St. Germain had the burden of coming forth with evidence that he could satisfy his evidentiary burden at trial. St. Germain argues that because he would have to establish the motive of the defendants, summary judgment is not proper. However, because St. Germain has not come forward with evidence that he can prove his allegation that the defendant’s conduct was extreme and outrageous, or that the alleged conduct even occurred, we do not reach the issue of motive. Accordingly, the Parish was ^entitled to summary judgment on the allegation of intentional infliction of emotional distress.
CONCLUSION:
Plaintiff has not come forward with proof that there are genuine issues of material fact in dispute in this matter necessitating a trial on the merits. Rather, based on the lack of evidence, we find that there are no issues of which “reasonable persons could disagree.” For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is to bear the costs of this appeal.

AFFIRMED.